Daniel DENNIS and Edna Dennis, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 23862.

United States Court of Appeals, Ninth Circuit.

Dec. 18, 1970.

As Amended Jan. 4, 1971.

Lee Galloway, Sacramento (argued), of Ingraham, Deming & Galloway, Sacramento, Cal., for petitioners-appellants.

Paul M. Ginsburg (argued), Atty. Tax Div., Richard M. Hahn, Acting Chief Counsel, Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., for respondent-appellee.

Before CHAMBERS, JERTBERG and TRASK, Circuit Judges.

PER CURIAM:

■ Petitioners seek a review of the decision of the Tax Court of the United States [reported 51 T.C. 46 (1968)], holding a deficiency in petitioners' 1964 income tax in the amount of $3,600.50. The sole question passed upon by the Tax Court was whether a $15,000.00 alimony payment made by petitioner, Daniel Dennis, to his divorced wife, was actually made in, and was properly deductible by him in 1964.

The resolution of the question depends upon a proper application of the doctrine of constructive receipt.[1]

In light of the findings of fact of the Tax Court and the applicable law, it is our view that the decision of the Tax Court disallowing the claimed deduction for 1964 is clearly erroneous as to the year of deductibility, since the proper year of deductibility is, in fact, 1964.

■ Secondly, although not presented to the Tax Court, petitioners request on this appeal that this Court direct that their allowable medical expense deduc-

tion for the year 1964 be recomputed in accordance with law. The record before us discloses that their medical expense deduction was erroneously computed. We believe that such request should be granted under the rule set forth in Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941).

The decision of the Tax Court is reversed and the cause is remanded to that Court for further proceedings in accordance with this opinion.

---

1. As stated by the Tax Court, Section 1.-451-2(a), Income Tax Regs., codifies the judicially established principles of the constructive receipt doctrine:

    "Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the

taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. * * *."