**Lawrence E. BOWLING,
Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 74–1413.

United States Court of Appeals,
Fifth Circuit.

March 21, 1975.

Rehearing and Rehearing En Banc
Denied April 22, 1975.

Lawrence E. Bowling, pro se.

Frank D. McCown, U. S. Atty., Dept. of Justice, William W. Guild, Asst. U. S. Atty., Dallas, Tex., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Gary R. Allen, Libero Marinelli, Jr., Ernest J. Brown, Myron C. Baum, Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before BELL, THORNBERRY and GEE, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment sustaining an Internal Revenue Service determination of appellant's tax liability for the years 1962 and 1964. The district court held that in a community property state each spouse must report and has federal income tax liability on one half of the community earnings. We affirm.

Appellant and his wife were residents of Texas during the period in question. They filed separate returns, each claiming his or her own income and tax credits. A mathematical deficiency was assessed because of this procedure. Also, certain deductions for travel expenses and dependence were disallowed and a separate statutory deficiency was assessed on these grounds. This statutory deficiency was discussed at a district office conference and payment was accepted for the amount agreed upon. Appellant contends that it is not mandatory that he and his wife each report one half of the community income. Further he argues that even if it were mandatory the government is now estopped from asserting that claim because of the acceptance of payment for the statutory deficiency for the same period. We reject both these arguments.

Under the laws of Texas each spouse has a vested interest in and is owner of half of the community property and is therefore liable for federal income taxes on such a share. Lange v. Phinney, 5 Cir., 1975, 507 F.2d 1000. There is therefore the "obligation, not merely the right, to report half the community income." United States v. Mitchell, 1971, 403 U.S. 190, 196, 91 S.Ct. 1763, 1767, 29 L.Ed.2d 406, 412.

As to appellant's estoppel argument, the provisions for compromising tax cases are found in §§ 7121 and 7122 of the Internal Revenue Code. These provisions are exclusive and strictly construed. *See* Botany Worsted Mills v. United States, 1928, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379. Because of this exclusive method, no theory founded upon general concepts of accord and satisfaction can be used to impute a compromise settlement, Moskowitz v. United States, 285 F.2d 451, 453, 152 Ct.Cl. 412 (1961), and therefore none resulted from the government's acceptance and cashing of appellant's check. Hughson v. United States, 9 Cir., 1932, 59 F.2d 17, 19, cert. den., 1932, 287 U.S. 630, 53 S.Ct. 82, 77 L.Ed. 546.

The additional assignments of error have been considered and are without merit.

Affirmed.