**Lloyd M. SHUMAKER, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 79-7546.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 1981.

Decided June 22, 1981.

Rehearing Denied July 27, 1981.

1. Pub.L. 92–576, 86 Stat. 1251, amending 33 U.S.C. § 901–950.

Lloyd M. Shumaker, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Washington, D.C., for respondent-appellee.

Before WRIGHT, FERGUSON, and NORRIS, Circuit Judges.

PER CURIAM:

The Tax Court upheld the Commissioner's statutory notice of a tax deficiency to Lloyd Shumaker for 1972 and 1973. Shumaker appeals, disputing the jurisdiction of this court, the characterization of the income from his wheat sale as ordinary income, the imposition of the self-employment tax for 1973, and the disallowance of a business interest deduction.

I

The IRS's acceptance of Shumaker's amended tax returns for 1972 and 1973 and its issuance of tax adjustment statements crediting him the amount in controversy did not end the controversy and moot the case as he contends. IRS regulations establish the procedures for closing agreements and compromises pursuant to 26

U.S.C. §§ 7121, 7122. Treas.Reg. §§ 301.-7121–1, 301.7122–1 (1967). These procedures are exclusive. *Botany Mills v. United States*, 278 U.S. 282, 288–89, 49 S.Ct. 129, 131–32, 73 L.Ed. 379 (1929).

Neither the informal acceptance of Shumaker's amended returns nor the adjustments to his tax crediting him with the amount in controversy constitute a binding agreement under the tax laws. *Id. See Bowling v. United States*, 510 F.2d 112, 113 (5th Cir. 1975); *Dorl v. Commissioner*, 507 F.2d 406, 407 (2d Cir. 1974). The full amount of the deficiencies was reassessed with interest, demonstrating that there had in fact been no agreement.

## II

Shumaker next contends that the wheat he stored from his 1972 harvest was a capital asset and that the income from its sale was a capital gain. The Tax Court held that the wheat was held for sale in the ordinary course of business even though Shumaker had retired from farming at the time of the sale.

Shumaker was not precluded from holding wheat as a capital asset merely because he had been engaged in the business of raising and selling it. *See Slappey Drive Industrial Park v. United States*, 561 F.2d 572, 586–87 (5th Cir. 1977); *United States v. Bondurant*, 245 F.2d 265, 268 (6th Cir. 1957). The determining factor is the taxpayer's purpose in holding the property. *Rockwell v. Commissioner*, 512 F.2d 882, 886 (9th Cir.), *cert. denied*, 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975).

 Shumaker presented no evidence that he intended to hold the wheat for investment. An intent to discontinue business does not convert stock in trade into a capital asset. *Grace Bros., Inc. v. Commissioner*, 173 F.2d 170 (9th Cir. 1949); *Martin v. United States*, 330 F.Supp. 681, 683–84 (M.D.Ga.1971). The Tax Court did not clearly err in disallowing capital gains treatment to the wheat sale.

## III

 Shumaker contends that he is not subject to the self-employment tax in 1973 because he was not farming during that year. Under 26 U.S.C. § 1401 self-employment income is determined by the source of the income, not the taxpayer's status at the time the income is realized. Income derived from the wheat sale and the patronage dividends from farmer's cooperatives was properly subject to the self-employment tax.

## IV

Finally, Shumaker contends that he is entitled to an interest deduction of $311, which the Commissioner disallowed. The IRS Appellate Division told Shumaker in a letter in July 1977 that it would allow the interest payment of $311 if he verified it. Shumaker substantiated his claim with a letter from a bank showing interest paid on real estate for 1972 including a payment of $312. Shumaker was not represented by counsel and failed to present the letter properly.

 The letter was not introduced at trial although before trial it was attached to a "motion to close case as to the 1972 year" and a "judicial notice" objecting to the stipulation of facts. Shumaker again filed the letter with his "rebuttal to respondent's tax computation for entry of decision."

Even though the evidence was not properly presented to the Appellate Division or the Tax Court, the record, which includes the letter in three places, discloses that the claimed interest expense may have been erroneously disallowed. In *Dennis v. Commissioner*, 437 F.2d 123 (9th Cir. 1971), we held that in such circumstances a request to have the deduction recomputed should be granted even if not presented to the Tax Court. In the interest of fairness the Tax Court's decision should be reversed and remanded for reconsideration only of the interest deduction.

## V

The judgment is reversed and remanded for reconsideration of the interest deduc-

tion. In all other respects the judgment is affirmed.