Jesse R. McGEE and Lela Ann McGee, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Nos. 80–1286–Civ–T–H, 80–1287–Civ–T–H.

United States District Court, M.D. Florida, Tampa Division.

Dec. 14, 1982.

## ORDER

HODGES, Chief Judge.

These are consolidated actions, one to recover a 100% penalty assessed and collected by the Defendant from the Plaintiff under the authority of 26 U.S.C. § 6672, the other to enforce an agreement allegedly compromising the assessment and the penalty. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(1).

Plaintiff was President and a member of the Board of Directors of Safeway Steel Erectors, Inc., from January 1, 1977 through June 30, 1977. During this time Safeway failed to collect and pay the required withholding and FICA taxes on the wages of its employees. Defendant assessed against Plaintiff an amount equal to the unpaid taxes, in addition to a penalty equal to the amount of the taxes.

Plaintiff and Defendant entered into negotiations which resulted in an agreement allowing installment payments. After receiving notice that the Defendant intended to contest this agreement and enforce an immediate payment of the assessment, Plaintiff instituted these two actions.

Before the Court are Motions for Summary Judgment by the Plaintiff and Defendant.

Plaintiff contends that the agreement between Plaintiff and Defendant clearly constitutes a compromise pursuant to 26 U.S.C. § 7122 between the parties with respect to the assessment of taxes, interest and penalties for the failure of Plaintiff to pay withholding and FICA taxes. As such, Plaintiff argues that the agreement cannot be contested by either party in the absence of fraud, mutual mistake or duress, citing Treasury Reg. § 301.7122–1(c) (1976).

It appears that the parties entered into an Installment Agreement (form 433–D),

which was signed by G.N. Musselwhite, Group Manager in the Collection Division, Tampa, Florida. The Government contends that employees such as Musselwhite have no authority to compromise tax liabilities on behalf of the Internal Revenue Service.

The exclusive procedure for compromising tax liabilities is that set forth in 26 U.S.C. § 7122. *Shumaker v. Commissioner of Internal Revenue,* 648 F.2d 1198, 1200 (9th Cir.1981); *Botany Mills v. United States,* 278 U.S. 282, 288–89, 49 S.Ct. 129, 131–32, 73 L.Ed. 379 (1929). Section 7122 provides that only the Secretary or his delegate may compromise a civil action arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense.

The agreement at issue here was not signed by the Secretary. Neither Revenue Agent Russell Amerling nor Group Manager Musselwhite are delegates of the Secretary under section 7122. The Commissioner of Internal Revenue, through the authority vested in him by Treasury Department Order Nos. 150–25 and 150–36, 26 C.F.R. §§ 301.7122–1 and 301.7701–9, has delegated authority under 26 U.S.C. § 7122 to District Directors, the Director and Assistant Director of International Operations, Regional Directors of Appeals, Chiefs and Associate Chiefs, and Appeals Offices to accept offers in compromise in cases in which the liability is less than $100,000.00. See 1980–2 Cumm.Bul. 754. Neither Revenue Agents nor Group Managers have been delegated authority to compromise claims under 26 U.S.C. § 7122.

The agreement here is an Installment Agreement, not a compromise pursuant to section 7122 of Title 26. The Installment Agreement on its face states that permission to make installment payments may be withdrawn, and the entire tax liability may be collected by levy or by seizure of property.

There being no issue of material fact remaining for resolution, and it appearing that summary judgment is warranted as a matter of law, the Government's Motion for

Summary Judgment is GRANTED. Plaintiff's Motion for Summary Judgment is DENIED.

Accordingly, the complaint in Case No. 80–1287 Civ–T–H is hereby DISMISSED, with prejudice. The Clerk is directed to enter judgment for the Defendant, with costs to be assessed against the Plaintiff. The action in Case No. 80–1286 Civ–T–H will remain as scheduled for trial in January of 1983.

IT IS SO ORDERED.