**In the Matter of SOUTHERN PUMP & SUPPLY, INC., Debtor.**

**Bankruptcy No. 82–372.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 23, 1984.

## ORDER ON OBJECTION TO CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case commenced by Southern Pump & Supply, Inc. (Debtor) and the matter under consideration is an objection to an unsecured priority tax claim filed by the Internal Revenue Service (IRS). The Debtor seeks to disallow the tax claim on the ground that all indebtedness owed to the IRS has been paid in full.

The facts pertinent to this matter as adduced at trial are as follows:

The Debtor is a corporation engaged in the business of manufacturing, selling, and servicing water pumps and related products. The corporation developed financial difficulties and failed to pay its payroll taxes for 1981 and the first quarter of 1982. On March 1, 1982, the Debtor filed its petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

On October 19, 1983, Mr. Ken Burnsed, the President and sole stockholder of the Debtor, along with his attorney, met with a revenue agent of the IRS to discuss the delinquent payroll taxes of the Debtor. At the meeting, the agent requested full payment from Mr. Burnsed for the taxes collected from the corporate employees and for which he personally assessed as a "responsible person" under the Internal Revenue Code. Mr. Burnsed did not have the ability to make this payment but wished to pay off the corporate portion of the tax assessment. The next day, Mr. Burnsed's accountant delivered the 941 Forms and a corporate check in the amount of $16,-859.87 (Debtor's Exh. # 1). The check was endorsed as paid in full. It is without dispute that the amount of the check exceeded the tax obligation assessed to Mr. Burnsed individually.

Because payment was not by a certified or cashier's check, the agent sent the check to the Jacksonville office where the check was cashed.

Instead of applying the payment by the corporate check to the corporation's assessment as contemplated by Mr. Burnsed, the revenue agent credited the payment to the penalty assessed against Mr. Burnsed individually.

The Debtor takes the position that it delivered the check to the IRS with the intent that the payment be credited against the corporate tax liability as contemplated by the settlement agreement entered into with the revenue officer on October 19, 1982, rather than the penalty assessed against Mr. Burnsed. As a result, the Debtor contends the corporate tax liability has been paid in full and, therefore, the IRS claim should be disallowed.

In response, the IRS contends that the revenue agent had no authority to compromise a tax claim and, therefore, it is not estopped from asserting its claim against the corporation.

The Internal Revenue Code addresses who may settle or compromise a tax controversy in § 7121 and § 7122 which provide in pertinent part as follows:

§ 7121. Closing agreements

(a) Authorization

The Secretary is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period.

§ 7122. Compromises

(a) Authorization

The Secretary may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any such case after reference to the Depart-

ment of Justice for prosecution or defense.

(b) Record

Whenever a compromise is made by the Secretary in any case, there shall be placed on file in the office of the Secretary the opinion of the General Counsel for the Department of the Treasury or his delegate, with his reasons therefor, with a statement of—

(1) the amount of tax assessed.

It is clear that the Code authorizes the Secretary of the Treasury to compromise a claim. However, the Code does not authorize a revenue agent to enter into such an agreement. The Courts have found that agreements and settlements made without the approval of the designated officer are not binding. *Botany Worsted Mills v. United States*, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379 (1929); *Bowling v. United States*, 510 F.2d 112 (5th Cir.1975); *Hughson v. United States*, 59 F.2d 17 (9th Cir. 1932).

The record fails to disclose any evidence that the Secretary consented or approved the settlement in accordance with IRC § 7121 and § 7122. Without the Secretary's approval, the Government is not bound by the agreement to apply the payment to the corporate liability. As a result, the Debtor remains liable for payroll tax deficiencies incurred during 1981 and the first quarter of 1982.

In light of the foregoing, this Court is satisfied that the Debtor's objection shall be overruled and the claim of the IRS shall be allowed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim filed by the Debtor, Southern Pump & Supply, Inc. be, and the same hereby is, overruled. It is further

ORDERED, ADJUDGED AND DECREED that the claim filed by the IRS in the amount of $4671.70 be, and the same hereby is, allowed as filed.