LEROY BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 1168-93
United States Tax Court
T.C. Memo 1994-58; 1994 Tax Ct. Memo LEXIS 57; 67 T.C.M. (CCH) 2162; February 14, 1994, Filed *57 An appropriate order will be issued granting respondent's motion to dismiss for lack of jurisdiction the deficiences for tax years 1982 and 1983 as relating to a TEFRA partnership, and to strike those portions of the pleadings pertaining to said deficiencies. For petitioner: George L. Bozzo. For respondent: Adam S. Korbas. PARR
PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined the following additions to petitioner's Federal income tax: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
6651
6653(a)(1)
6653(a)(2)
6659
1982
$ 344.34
$ 1,084.88
[1]
$ 6,509.27
1983
---
46.60
[2]
---  This case is currently before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike, filed on March 5, 1993. Respondent requests that the Court dismiss the deficiencies for the tax years 1982 and 1983 from this case, since the deficiencies relate to Wind Energy # 7 (hereinafter partnership), a partnership covered by the provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, *58 section 402(a), 96 Stat. 324, 648, and to strike that portion of the pleadings in paragraphs 3, 4, and 5 of the petition pertaining to said deficiencies. Petitioner opposes respondent's motion on three grounds: (1) Petitioner contends that the statutory notices of deficiency were issued after the expiration of the period of limitations on assessment; (2) petitioner asserts he was not given an opportunity to participate in the Tax Court review of the notice of final partnership administrative adjustment (hereinafter FPAA), thus preventing him from deducting his out-of-pocket investment in the partnership of $ 9,000 under section 162, [1] 212, or 165; and (3) petitioner maintains that respondent accepted his written offer of settlement by cashing the check attached thereto and failing to notify petitioner that the offer was rejected for at least 2 years and is thus estopped from making the above assessments. *59 Background
At the time his petition was filed in this Court, petitioner resided in Sunnyvale, California. Petitioner was a limited partner in the above-mentioned partnership. Because it was a TEFRA partnership, its tax treatment was determined at the partnership level pursuant to sections 6221 through 6233 for tax years 1982 and 1983. In accordance with section 6223(a)(2), respondent issued an FPAA to the partnership for tax years 1982 and 1983 on September 16, 1986. On December 26, 1986, a letter entitled "Request for Settlement Agreement" was sent by the Roberts Accountancy Corp. on behalf of petitioner to respondent. Petitioner proposed to agree to disallowance of the partnership credits and losses, but provided for allowance of actual out-of-pocket expenditures and respondent's concession of additions to tax. A check for $ 9,303 and an unsigned Internal Revenue Service Form 870-P [2] *60 accompanied the letter. Respondent did not agree to petitioner's proposal but cashed the check and treated the amount of $ 9,303 as an advance payment on the deficiency. Respondent did not notify petitioner that his proposal was rejected until sometime after 1988. [3]
A petition on behalf of the partnership was timely filed before this Court and an Order of Dismissal and Decision was entered on November 21, 1991. Respondent subsequently assessed the income tax deficiencies arising from the disallowance of petitioner's distributive share of losses and credits from the partnership for tax years 1982 and 1983, pursuant to sections 6225 and 6230(a)(1). Subsequently, respondent issued statutory notices of deficiency on November 5, 1992, and November 19, 1992, for tax years 1982 and 1983, respectively. No deficiencies, other than additions to tax, were set forth in the notices. *61 Petitioner filed a petition with this Court on January 19, 1993. In paragraph 3 of that petition, petitioner disputes the deficiencies of $ 8,211 and $ 932 for tax years 1982 and 1983, respectively. Paragraphs 4 and 5 of the petition similarly refer to those deficiencies and petitioner's distributive share of losses and credits from the partnership. On March 5, 1993, respondent filed a motion to dismiss for lack of jurisdiction and to strike petitioner's allegations respecting the deficiencies for the taxable years 1982 and 1983 on the ground that they relate to a TEFRA partnership and were assessed pursuant to sections 6225 and 6230(a)(1). On March 15, 1993, petitioner filed an opposition to respondent's motion. On April 28, 1993, respondent filed a response to petitioner's opposition, and on May 19, 1993, petitioner filed a response to respondent's response. As a result, by order of this Court on May 20, 1993, a hearing was scheduled to address this motion on June 21, 1993, in San Francisco, California. At that hearing, respondent's motion was taken under advisement, and both parties were granted additional time to file legal memoranda and responses. Discussion
*62 Statute of Limitations
In response to respondent's motion to dismiss and to strike, petitioner first asserts that the period of limitations on assessment had expired when respondent issued the statutory notices of deficiency on November 5 and 19, 1992, for tax years 1982 and 1983, respectively. Respondent argues that her issuance of the notices was timely and proper under section 6501 and section 6229. An allegation concerning the expiration of the period of limitations on assessment is an affirmative defense and does not affect the jurisdiction of this Court. Bradley v. Commissioner, 100 T.C. 367, 371-372 (1993) (citing Columbia Bldg., Ltd. v. Commissioner, 98 T.C. 607, 611 (1992)). We thus express no opinion on the merits of petitioner's claim. FPAA Action
Petitioner additionally contends that because he was not given an opportunity to participate in the judicial review of the FPAA, he was prevented from deducting his out-of-pocket investment in the partnership of $ 9,000 under section 162, 212, or 165. Petitioner asserts that his entitlement to this deduction can only be determined in this proceeding. *63 In addition, petitioner argues that this Court has jurisdiction because the statutory notice refers to the deficiencies of $ 8,211 in 1982 and $ 932 in 1983 in connection with the determination of the addition to tax under section 6653(a)(2). Respondent disagrees with petitioner's argument and contends that petitioner was a party to the FPAA action and could have participated in the partnership proceeding if he had come forward as the tax matters partner (hereinafter TMP) or had one of his fellow partners come forward as the TMP. In addressing petitioner's first argument, we note that the partnership did have a docketed case before this Court which was dismissed because no partner responded to the Court's order directing the partners to advise the Court of the partner to be appointed as TMP. We further note that the Court's order, a copy of which was served on petitioner, clearly stated that the Court would consider dismissing the case if no response was received. Petitioner admits that the petition before this Court was dismissed because no one came forward in response to the order, but states that he "was a limited partner, and he and the other limited partners were unwilling *64 to assume the role of managing partner, in order to not jeopardize their legal status as limited partners." Nevertheless, the dismissal of the partnership case by this Court is considered as our decision that the FPAA was correct. Sec. 6226(h). That decision is final and cannot be reconsidered by the Court in this case. Sec. 7481(a)(1); Rule 190. As to petitioner's second contention regarding the addition to tax, we reiterate the well-established rule that we lack jurisdiction, in a partner-level proceeding involving nonpartnership items (which is the case herein), to redetermine a deficiency, or any portion thereof, attributable to the tax treatment of a partnership item. [4]Bradley v. Commissioner, supra at 371; see, e.g., Saso v. Commissioner, 93 T.C. 730, 734 (1989); Maxwell v. Commissioner, 87 T.C. 783, 788 (1986). The reference in the deficiency notice to which petitioner refers simply indicates the foundation for the determination of the addition to tax under section 6653(a)(2) and does not provide a basis for making this case an exception to the well-established rule. Bradley v. Commissioner, supra. *65 Accordingly, we lack jurisdiction to consider petitioner's claim. Petitioner's Offer of Settlement
Petitioner's final contention is that respondent accepted his offer of settlement, dated December 26, 1986, by cashing the accompanying check in the amount of $ 9,303. Since respondent did not notify petitioner of her rejection until some years later, argues petitioner, the offer of settlement is an enforceable contract subject to estoppel. Petitioner claims *66 he detrimentally relied on his assumption that the offer was accepted, and allowed the time to expire within which to claim a refund. Petitioner further maintains that California law dictates that, under these facts, a binding contract was formed upon respondent's negotiation of the check. Respondent admits that petitioner's letter dated December 26, 1986, constituted a settlement proposal but denies that the proposal was ever accepted. Respondent states that the said proposal included an unsigned Form 870-P, which is a Settlement Agreement for Partnership Adjustments pursuant to section 6224(c). Since there was no settlement agreement, explains respondent, petitioner's payment of $ 9,303 was treated as an advance payment on the deficiency. The law regarding settlement offers is well established. Regulations issued by the Internal Revenue Service conclusively establish the procedures for closing agreements and compromises pursuant to sections 7121 and 7122. Secs. 301.7121-1 and 301.7122-1, Proced. & Admin. Regs. These procedures are exclusive and must be satisfied in order to effectuate a compromise or settlement which will be binding on both the taxpayer and the government. *67 Shumaker v. Commissioner, 648 F.2d 1198, 1200 (9th Cir. 1981) (citing Botany Mills v. United States, 278 U.S. 282, 288-289 (1929)), affg. in part and revg. in part T.C. Memo. 1979-71; see also Sanders v. Commissioner, 225 F.2d 629 (10th Cir. 1955), affg. 21 T.C. 1012 (1954). An offer of compromise or settlement must be submitted on special forms prescribed by the Secretary, and an offer will not be considered to have been accepted until and unless the taxpayer is notified in writing of the acceptance. Laurins v. Commissioner, 889 F.2d 910, 912 (9th Cir. 1989), affg. Norman v. Commissioner, T.C. Memo. 1987-265; sec. 301.7122-1(d)(1), (d)(3), Proced. & Admin. Regs. Although general principles of contract law may be applied to determine whether a form submitted pursuant to section 7121 or 7122 reflects the parties' mutual assent to settle a case, Robins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969), the law is clear that negotiation *68 of a check cannot create an agreement binding on the Commissioner, Botany Mills v. United States, supra; Shumaker v. Commissioner, supra; Laurins v. Commissioner, supra; see, e.g., Colebank v. Commissioner, T.C. Memo. 1977-46. While we do not understand respondent's slowness in notifying petitioner that his offer was rejected, it is clear that respondent never accepted petitioner's offer. Respondent is not estopped. To reflect the foregoing, An appropriate order will be issued granting respondent's motion to dismiss for lack of jurisdiction the deficiences for tax years 1982 and 1983 as relating to a TEFRA partnership, and to strike those portions of the pleadings pertaining to said deficiencies. Footnotes
1. 50 percent of the interest due on the deficiency of $ 8,211.↩
2. 50 percent of the interest due on the deficiency of $ 932.↩
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Form 870-P is entitled "Settlement Agreement for Partnership Adjustments". If petitioner had completed the form, he could have offered to enter into a settlement agreement with respondent based on the adjustments set out in the FPAA, pursuant to sec. 6224(c). Petitioner did not use the form because the terms of his settlement offer varied from those of the FPAA.↩
3. In his Response to Respondent's Supplemental Memorandum and other submissions, petitioner claims that a period of almost 6 years elapsed before petitioner was notified by respondent that his offer was rejected. We assume petitioner is referring to the notice of deficiency dated Nov. 19, 1992. However, in his Opposition to Motion to Dismiss and to Strike, par. 5, petitioner states: "Petitioner received no communications from Respondent until some period of time after the year 1988".↩
4. Sec. 6231(a)(3) defines a partnership item as follows: (3) Partnership Item. -- The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provisions of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.
See N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 743↩ (1987).