**Jerald V. SPIRES and Carol A. Spires, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civil No. 95–608–MA.**

United States District Court, D. Oregon.

Jan. 4, 1996.

Ronald H. Hoevet, Hoevet & Snyder, P.C., Portland, Oregon, for Plaintiff.

Kristine Olson, United States Attorney, Portland, Oregon, Sanford W. Stark, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Defendant.

### ORDER

MARSH, Judge.

On October 27, 1995, I granted plaintiffs' motion for summary judgment finding that the parties had settled a tax dispute. In so finding, I rejected the government's argument that the settlement was non-binding because the IRS never issued closing docu-

ments. Plaintiffs now seek attorney fees pursuant to 26 U.S.C. § 7430(c)(4) on the basis that the government's position was not "substantially justified."

Section 7430(a) provides that a prevailing party may recover attorney's fees if: (1) the position of the U.S. in the proceeding was not substantially justified; (2) they have substantially prevailed with respect to the most significant issue(s) presented; and (3) they meet applicable net worth requirements. A prevailing party has the burden of establishing that the government's position was not "substantially justified." 26 U.S.C. § 7430(c)(4)(A)(i); *Huffman v. Commissioner*, 978 F.2d 1139 (9th Cir.1992). The Commissioner's position is "substantially justified" if it has a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Huffman*, 978 F.2d at 1147.

The central issue in this case turned upon my interpretation of two decisions: *Treaty Pines Inv. Partnership v. Commissioner*, 967 F.2d 206 (5th Cir.1992) and *Shumaker v. Commissioner*, 648 F.2d 1198 (9th Cir.1981) and the question of whether, in light of the undisputed facts, plaintiffs were "parties" to tax litigation. If plaintiffs were not parties to the tax litigation, then *Shumaker* controlled and the government's position was well-taken. If plaintiffs were parties to tax litigation then, under *Treaty Pines*, the settlement was binding without the necessity of IRS closing documents. However, *Treaty Pines* is non-binding on this court and the government made a good faith argument that *Shumaker* should be extended to encompass this factual situation.

The fact that this was an issue of first impression in this circuit, although not dispositive, *Pierce*, 487 U.S. at 569, 108 S.Ct. at 2552, tends to favor the government's claim that its position was substantially justified. *See Stebco, Inc. v. United States*, 939 F.2d 686, 687 (9th Cir.1990); *Kali v. Bowen*, 854 F.2d 329, 332 n. 2 (9th Cir.1988) (in determining reasonableness of government's position, lack of precedent in the circuit may be considered). Further, the fact that one circuit has ruled against the government's

position in another case does not establish that the government's position is not substantially justified. *Sharp v. United States*, 20 F.3d 1153, 1154 (Fed.Cir.1994).

Although I was troubled by the government's failure to cite *Treaty Pines* in its briefing and failure to mention *Shumaker* until oral argument, given the general paucity of legal authority and the government's good faith argument for an extension of *Shumaker*, I find that the government's position in this action was substantially justified. In addition, plaintiffs have failed to come forward with evidence that they meet applicable net worth requirements.

Accordingly, plaintiffs' motion for attorney's fees and litigation costs (# 28–1, # 28–2) is DENIED. Defendant raised no objection to plaintiff's cost bill (# 32) for filing fees of $125.50 and thus, plaintiff's cost bill (# 32) is GRANTED.

IT IS SO ORDERED.