**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-107

UNITED STATES TAX COURT

JEFFREY A. PRUSSIN AND JUDITH M. PRUSSIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10929-13S.          Filed December 8, 2014.

Jeffrey A. Prussin and Judith M. Prussin, pro sese.

Julie L. Payne and Patsy A. Clarke, for respondent.

SUMMARY OPINION

KERRIGAN, Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times. We round all monetary amounts to the nearest dollar.

This action was commenced under section 6404(h) in response to a final determination by the Appeals Office that petitioners are not entitled to abatement of interest associated with their 2005 and 2006 excise tax liabilities and their 2006 Federal income tax liability. The only issue for our consideration is whether the Appeals officer's denial of petitioners' abatement requests was an abuse of discretion.

## Background

Some of the facts have been stipulated and are so found. Petitioners resided in California when they filed the petition.

During 2005 and 2006 petitioner husband was the administrator of J&JP Funding's pension plan. Respondent's Examination Division began an audit of J&JP Funding. During the audit petitioners agreed that the pension plan was involved in a prohibited transaction for the 2005 and 2006 tax years.

Petitioners retained the Law Offices of Ilene H. Ferenczy, LLC (Ferenczy), to aid them with the audit. Ferenczy and respondent exchanged emails throughout the course of the audit.

As a result of the audit petitioners were required to file Forms 5330, Return of Excise Taxes Related to Employee Benefits Plans, for tax years 2005 and 2006. Petitioners were also required to file Form 4549-E, Income Tax Discrepancy Adjustments, for tax year 2006.

Petitioners made a payment of $24,488 on December 12, 2008, for the excise tax owed for tax year 2005. This payment did not include interest. Respondent sent petitioner husband a letter dated June 22, 2009, which informed him that he owed zero for his 2005 excise tax liability. On October 12, 2009, respondent sent petitioner husband a letter claiming he owed $4,819 of interest as a result of his 2005 excise tax liability. On May 30, 2011, respondent sent petitioner husband a letter claiming he owed $5,131 in interest. Respondent sent a third letter on June 28, 2011, claiming petitioner husband owed $5,160 in interest.

On December 12, 2008, petitioners made a payment of $38,368 for the excise tax owed for tax year 2006. This payment did not include interest. Respondent sent petitioner husband a letter dated September 9, 2009, which informed him that he owed zero for his 2006 excise tax liability. On June 13, 2011, respondent sent petitioner husband a letter claiming he owed interest of $4,182 for his 2006 excise tax liability.

Petitioners filed timely a 2006 individual income tax return. As a result of the audit, respondent claimed that petitioners' income tax liability, including interest through October 22, 2008, totaled $298,219. Petitioners made a payment of $298,282 on December 15, 2008. On May 4, 2009, respondent sent petitioners a letter advising them that they owed additional interest of $3,887 as a result of their 2006 income tax liability. On May 21, 2009, petitioners made a payment of $3,887.

On June 11, 2012, respondent received three Forms 843, Claim for Refund and Request for Abatement, from petitioners. All three Forms 843 were dated May 25, 2012. The first two Forms 843 requested abatement of interest for the 2005 and 2006 excise tax liabilities. The third Form 843 requested abatement of the additional accrued interest for the 2006 income tax liability that petitioners had already paid on May 21, 2009.

On July 30, 2012, respondent mailed petitioners two letters. The first letter advised petitioners that respondent had disallowed their interest abatement claims for the 2005 and 2006 excise tax liabilities. The second letter advised petitioners that respondent had disallowed their interest abatement claim for the 2006 income tax liability. On August 17, 2012, petitioners mailed a check for $9,702, the remaining amount of interest due for the 2005 and 2006 excise tax liabilities.

Petitioners protested the disallowance of their interest abatement claims, and the Appeals Office reviewed the facts and law. On May 2, 2013, respondent sent petitioners a Full Disallowance--Final Determination letter disallowing petitioners' interest abatement claims for the 2005 and 2006 excise tax liabilities and for the 2006 income tax liability.

## Discussion

I.    Section 6404

Section 6404(e)(1) provides in relevant part:

> (1) In general.--In the case of any assessment of interest on--
>
> > (A) any deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act, or
> >
> > (B) any payment of any tax described in section 6212(a) to the extent that any unreasonable error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial or managerial act,
>
> the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

Regulations promulgated under section 6404 define "managerial act" as "an administrative act that occurs during the processing of a taxpayer's case involving the temporary or permanent loss of records or the exercise of judgment or discretion relating to management of personnel." Sec. 301.6404-2(b)(1), Proced. & Admin. Regs. A "ministerial act" is defined as "a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place." Sec. 301.6404-2(b)(2), Proced. & Admin. Regs. The regulations further specify that "[a] decision concerning the proper application of federal tax law (or other federal or state law)" is neither a managerial nor a ministerial act. Sec. 301.6404-2(b)(1) and (2), Proced. & Admin. Regs.

The Court may order interest abatement if the Commissioner abused his or her discretion by failing to abate interest in a final determination. Sec. 6404(h)(1); see Hinck v. United States, 550 U.S. 501, 506 (2007) (finding that the Tax Court provides the exclusive forum for judicial review of the Commissioner's determination not to abate interest under section 6404(e)(1)). In order to prevail, a taxpayer must prove that the Commissioner abused his or her discretion by acting arbitrarily, capriciously, or without sound basis in fact or law. See Woodral v.

Commissioner, 112 T.C. 19, 23 (1999). The issue before the Court is whether the record reveals a managerial or ministerial error such that respondent's determination not to abate interest was an abuse of discretion per section 6404(h)(1).

Petitioners contend that respondent improperly determined not to abate the interest per section 6404(e)(1) on their excise tax liabilities for 2005 and 2006 and on their income tax liability for 2006 because they had entered into a settlement agreement with respondent in which respondent implicitly waived collecting the interest at issue in this case. Respondent contends that the determination not to abate was proper per section 6404(e)(1).

## II.     Settlement Agreement

The settlement of disputed tax liabilities is governed by sections 7121 and 7122, which authorize the Secretary or an authorized delegate to settle any tax disputes and compromise any civil or criminal case arising under the internal revenue laws. Klein v. Commissioner, 899 F.2d 1149, 1152 (11th Cir. 1990). The procedures under these provisions and the applicable regulations are the exclusive means by which a compromise or settlement will be binding on both the taxpayer and the Government. Shumaker v. Commissioner, 648 F.2d 1198, 1199-1200 (9th Cir. 1981) (finding that the regulation procedures are exclusive), aff'g in part,

rev'g in part T.C. Memo. 1979-71; Urbano v. Commissioner, 122 T.C. 384, 393 (2004). Accordingly, "'no theory founded upon general concepts of accord and satisfaction can be used to impute a compromise settlement'". Fincourt B Shelton PC v. Commissioner, T.C. Memo. 2013-273, at *9 (quoting Bowling v. United States, 510 F.2d 112, 113 (5th Cir. 1975)).

Regulations under section 7122 clarify the procedures required with respect to an offer-in-compromise and how an offer may be accepted. Section 301.7122-1(d)(1), Proced. & Admin. Regs., requires that offers-in-compromise be submitted in the form and manner prescribed by the Internal Revenue Service (IRS). The prescribed form for an offer-in-compromise is Form 656, Offer in Compromise. See Sullivan v. Commissioner, T.C. Memo. 2009-4, slip op. at 26. Section 301.7122-1(d)(1), Proced. & Admin. Regs., also provides that "[a]n offer to compromise a tax liability must be made in writing, must be signed by the taxpayer under penalty of perjury, and must contain all of the information prescribed or requested by the Secretary."

Petitioners argue that they reached a binding settlement agreement with respondent in which respondent implicitly waived the interest charges with respect to the 2005 and 2006 excise tax liabilities and the 2006 income tax liability.

III.    <u>Excise Tax Liabilities for Tax Years 2005 and 2006</u>

Petitioners testified about email exchanges between their counsel, Ferenczy, and respondent regarding the balance that petitioners owed. Petitioner husband testified about both the June 22, 2009, letter from respondent which stated that petitioners owed nothing for the 2005 excise tax liability and also the September 9, 2009, letter which stated that petitioners had a zero balance for the 2006 excise tax liability.

However, petitioner husband testified that petitioners did not actually sign any agreement with the IRS. The record also does not contain any evidence of a signed Form 656. Since the regulations dictate the exclusive means by which a binding agreement can be reached, and those regulations require the signing of a Form 656, the fact that neither form was signed is fatal to petitioners' claim. Petitioners and respondent did not enter into a binding agreement as required by the statute.

For the 2005 and 2006 excise tax liabilities, there is no evidence that the parties complied with the procedures specified under section 7121 or 7122 for either a closing agreement or an offer-in-compromise. The facts do not support a legally binding compromise that no interest is owed related to the 2005 and 2006 excise tax liabilities. <u>See</u> <u>Dormer v. Commissioner</u>, T.C. Memo. 2004-167, slip

op. at 16. In the absence of an enforceable settlement of all of the excise liabilities for 2005 and 2006, "it cannot be said that an error, ministerial or otherwise, was committed in computing the balance due on petitioner[s'] account." Id. at 21. Petitioners do not allege any other managerial or ministerial errors or delays. Accordingly, the Appeals officer did not commit an abuse of discretion under section 6404(e) by denying petitioners' interest abatement claims.

## IV.  Income Tax Liability for Tax Year 2006

A request for a refund of interest paid based on abatement must be filed by the taxpayer within three years from the time the return was filed or two years from the time the interest was paid, whichever period expires later. See secs. 6404(h)(2)(B), 6512(b), 6511(a). From the record before us, we know that petitioners "timely" filed their tax 2006 return. Assuming, in petitioners' favor, that they requested an extension and filed by October 15, 2007, three years from that filing date would be October 15, 2010. Petitioners made their last interest payment on May 21, 2009. Two years from that interest payment is May 21, 2011. Since May 21, 2011, was later than October 15, 2010, the two-year period controls. Petitioners, at earliest, filed their Form 843 on May 25, 2012, which is well past May 21, 2011. The Form 843 was not timely. Therefore, the Appeals officer did not commit an abuse of discretion in disallowing the interest abatement

claim for the 2006 income tax liability.  Furthermore, even if the Form 843 had been timely, there still was no abuse of discretion because there was no binding agreement regarding the interest.  See Dormer v. Commissioner, T.C. Memo. 2004-167.

Any contention we have not addressed is irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered for respondent.