William Randolph KLEIN,
Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–Appellee.

No. 89–3189.

United States Court of Appeals,
Eleventh Circuit.

May 1, 1990.

William Randolph Klein, Sarasota, Fla., pro se.

Peter K. Scott, Acting Chief Counsel, I.R.S., Washington, D.C., J. Michael Melvin, Asst. Dist. Counsel, Jacksonville, Fla., James I.K. Knapp, Acting Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C., Gary R. Allen, Michael J. Roach, Chief, Appellate Section, Tax Div., U.S. Dept. of Justice, Michael L. Paup, and Robert S. Pomerance, Deputy Asst. Attys. Gen., Washington, D.C., for respondent-appellee.

Before KRAVITCH and CLARK, Circuit Judges, and ATKINS *, Senior District Judge.

ATKINS, Senior District Judge:

Appellant, William Randolph Klein, *pro se*, appeals from a decision by the United States Tax Court granting partial summary judgment in favor of the Commissioner of Internal Revenue. The Tax Court determined that there were deficiencies in the appellant's income in the taxable years 1979 and 1980 in connection with the appellant's participation in two tax shelters, Cowen Associates and Clay Properties. The Tax Court held that a binding agreement to settle was not present and the Court had no jurisdiction over the appellant's claim for an abatement, under Section 6404(e) of the Internal Revenue Code. We affirm and also find that the Tax Court correctly disposed of the motion as one of partial summary judgment and correctly imposed sanctions on the taxpayer under Rule 104 of the Tax Court Rules of Practice and Procedure.

---

\* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

## I.

On December 13, 1985, taxpayer/appellant, William Randolph Klein, filed a *pro se* petition in the United States Tax Court seeking redetermination of the deficiencies set forth in the Commissioner's notice of deficiency dated September 12, 1985. Among the issues was the Commissioner's disallowance of losses generated by appellant's participation in two tax shelters, Cowen Associates and Clay Properties. On November 28, 1986, counsel for the Commissioner sent the appellant a letter requesting the production of any and all proof of cash payments made by the appellant relating to his participation in the tax shelters. The appellant did not respond to this request or other informal requests made by the Commissioner's counsel. The Commissioner subsequently moved the Tax Court to compel production of documents concerning the tax shelters and on January 21, 1987, the Tax Court granted the motion and directed the appellant to produce the documents. The appellant continually failed to make full production of the documents and on June 15, 1987, the Tax Court granted the Commissioner's motion to impose sanctions pursuant to Rule 104 of the Tax Court Rules of Practice and Procedure. The Tax Court also imposed sanctions prohibiting the appellant from introducing into evidence at trial any document that would show the payment, either by cash or by check, of any amount that he had allegedly invested in Cowen Associates and/or Clay Properties.

On April 13, 1987, by leave of court, the Commissioner filed an amended answer asserting that the notice of deficiency had inadvertently failed to disallow a loss in the amount of $36,668, which the appellant claimed in 1980 with respect to his investment in the Cowen Associates tax shelter. On September 13, 1988, the appellant filed an amended petition by leave of court in which he asserted that the Commissioner's disallowance of the $36,668 loss claimed on his 1980 return, which resulted in the Com-

missioner's determination of an increased deficiency for 1980, breached a "settlement" that he had previously reached with the Commissioner with respect to the tax shelter issues. The appellant also argued in the amended petition, that in the alternative, if the increased deficiency were to be upheld, he was entitled to an abatement of interest under Section 6404(e) of the Internal Revenue Code.

On or about October 14, 1988, the parties entered into a stipulation in which the appellant conceded the disallowance of the loss of $36,668, subject, however, to the appellant's reserving the right to litigate his contention that a "settlement" had occurred. The appellant also reserved the right to litigate his claim that, if the $36,-668 loss were disallowed, he would be entitled under Section 6404(e) of the Internal Revenue Code to an abatement of interest that would otherwise accrue on that deficiency.[1] Concurrently, the Commissioner filed a motion to dismiss those two remaining issues for failure to state a claim upon which relief could be granted. The appellant opposed the motion and the Tax Court scheduled the motion for oral argument on December 1, 1988.

The Commissioner submitted a memorandum of law on November 28, 1988 asserting that the issues before the Tax Court can be decided as a matter of law. In opposition, appellant Klein submitted his memorandum of law on November 30, 1988 which included matters outside the pleadings.[2] On December 1, 1988, the Tax Court heard oral argument on these issues and on the same day entered an order recharacterizing the motion as one of partial summary judgment and granting the motion in favor of the Commissioner. The December 1, 1988 Order also directed the parties to submit an agreed decision document on or before February 2, 1989 based upon the

Stipulation of Settlement filed on October 10, 1988. Accordingly, the parties submitted an agreed decision document to the Tax Court, which the Tax Court entered on February 14, 1989. The appellant appeals from that decision.

## II.

### A. CONVERSION OF THE MOTION TO ONE OF PARTIAL SUMMARY JUDGMENT

■ The first issue is whether the Tax Court's conversion of the Commissioner's motion to dismiss to one of partial summary judgment was appropriate. Tax Court Rule 40 provides that a motion asserting failure to state a claim upon which relief can be granted shall be treated as one for summary judgment and disposed of as provided in Rule 121, if matters outside the pleadings are to be presented. Summary Judgment pursuant to Tax Court Rule 121 is derived from Rule 56 of the Federal Rules of Civil Procedure and is interpreted consistently with interpretations of Rule 56. *Long v. Commissioner of Internal Revenue,* 757 F.2d 957 (8th Cir.1985) (citing *Abramo v. Commissioner,* 78 T.C. 154, 162 n. 8 (1982)).

Deciding a case on summary judgment grounds represents a final adjudication on the merits foreclosing subsequent litigation. The Federal Courts realize this harsh outcome, and have incorporated a strict ten-day notice requirement in Rule 56 of the Federal Rules of Civil Procedure.[3] The concern is that the parties have an adequate opportunity to present all evidence in support of their positions. The Tax Courts do not have such a stringent notice requirement, although Rule 40 states that when the motion to dismiss is disposed of as one for summary judgment "the parties shall be given an opportunity to present all ma-

---

**1.** These two issues were the exact assertions contained in the taxpayer's amended petition filed on September 13, 1988.

**2.** Two letters were attached to the taxpayer's opposition memorandum which were asserted to be evidence that a binding settlement between the parties occurred.

**3.** The Eleventh Circuit follows a "bright line" ten-day notice requirement which is strictly enforced when a district court converts a motion to dismiss into a motion for summary judgment. *Griffith v. Wainwright,* 772 F.2d 822, 825 (11th Cir.1985); *Milburn v. U.S.,* 734 F.2d 762, 765 (11th Cir.1984).

terial made pertinent to a motion under Rule 121 [summary judgment]."

The motion to dismiss was filed pursuant to Tax Court Rule 40. The Tax Court scheduled the motion for a hearing on December 1, 1988. On November 30, 1988 before the scheduled hearing, the appellant submitted a memorandum of law attaching two letters in support of his position opposing the motion. In filing these matters outside the pleadings with his memorandum opposing the motion, the appellant was clearly on notice that the Tax Court may decide the case on summary judgment grounds.

At the hearing, the appellant's argument that a binding settlement existed was based solely on the two letters he submitted with his memorandum of law in opposition to the motion. The Tax Court correctly noted that federal tax law governed the dispute and that the proper manner to dispose of an income tax matter is clearly set out in the tax code statutes. As will be set forth in more detail in subsection C below, a binding settlement on a tax liability must follow the requirements of the tax code which include the execution of a closing agreement and the signing of other Tax Forms. The appellant clearly did not have any such proof. We find that the appellant had adequate notice that the Tax Court may recharacterize the motion and further find that the Tax Court was presented with all the evidence necessary to decide the issues on summary judgment grounds.

## B. THE SANCTIONS IMPOSED BY THE TAX COURT

 Rule 104 of the Tax Court Rules governs sanctions for failure to comply with an order requiring the production of documents. Under Rule 104(c), the imposition of sanctions is discretionary with the trial court and will only be reviewed for an abuse of that discretion. *See Aruba Bonaire Curacao Trust Co. v. Commissioner,* 777 F.2d 38, 44 (D.C.Cir.1985), *cert. denied,* 475 U.S. 1086, 106 S.Ct. 1469, 89 L.Ed.2d 725 (1986); *see also e.g., Steinbrecher v. Commissioner,* 712 F.2d 195,

197 (5th Cir.1983) (per curiam); *Oelze v. Commissioner,* 723 F.2d 1162, 1163–64 (5th Cir.) (per curiam), *reh'g denied,* 726 F.2d 165 (1983). We are also guided by Rule 37 of the Federal Rules of Civil Procedure which is analogous to Rule 104. *See Aruba Bonaire Curacao Trust Co. v. Commissioner,* 777 F.2d 38, 44 (D.C.Cir.1985), *cert. denied,* 475 U.S. 1086, 106 S.Ct. 1469, 89 L.Ed.2d 725 (1986).

In following the above law, we find that the Tax Court did not abuse its discretion in imposing discovery sanctions. The appellant did not produce the requested documents and the court's sanction precluding the appellant from introducing such documents into evidence at trial was clearly appropriate under the circumstances. The appellant's assertion that the I.R.S. had the documents and he did not have access to the requested documents is no defense. The appellant could have taken other steps to have the requested documents produced, such as issuing a subpoena to the I.R.S. Therefore, the Tax Court acted within its discretion in imposing sanctions.

## C. THE PURPORTED SETTLEMENT OF KLEIN'S TAX LIABILITIES

 The Tax Court correctly held that a binding settlement was not present despite the appellant's belief that he accepted an unconditional offer from the I.R.S. to settle the disputed tax liabilities. The settlement of disputed tax liabilities is governed by 26 U.S.C. §§ 7121 and 7122; these sections authorize the Secretary of the Treasury or an authorized delegate to settle any tax disputes and compromise any civil or criminal case arising under the internal revenue laws. *See Brooks v. U.S.,* 833 F.2d 1136, 1145 (4th Cir.1987). The requirements set forth in these statutes and the accompanying regulations are exclusive and strictly construed. *Id.* at 1145, 1146 (citing *Botany Worsted Mills v. U.S.,* 278 U.S. 282, 288–89, 49 S.Ct. 129, 131–32, 73 L.Ed. 379 (1929)); *Bowling v. U.S.,* 510 F.2d 112, 113 (5th Cir.1975).

 The appellant asserts that the I.R.S. made an offer to settle his tax liabilities and that he later accepted the offer in

writing. In support, he submitted two letters to the Tax Court purporting to constitute a valid written contract binding the I.R.S. We find that these letters do not form a valid binding agreement under the tax code. We note that even if we were to apply state contract law to this case, no binding contract was formed. At most, the letter dated March 7, 1986 from the District Counsel was a conditional offer of settlement which would become binding upon the execution of another document, a closing agreement. This letter specifically mentioned other conditions which must be met before a settlement could be reached; namely, the taxpayer must substantiate his investment, provide copies of all returns reflecting any interest in the tax shelters, and execute a closing agreement. The second letter dated March 12, 1986 also does not meet any of the requirements set forth in the statutes governing settlement of tax disputes.

■ Even if the two letters were held to be an apparent settlement, the I.R.S. would not be bound because the letters were not signed by both parties and the agent signing the March 7, 1986 letter was without authority to formally settle the appellant's tax liabilities. *See, e.g., Botany Worsted Mills v. U.S.,* 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379 (1928) (attempted informal settlement by subordinate officials with no authorization to compromise under § 7121 was not binding on the U.S.); *Reimer v. U.S.,* 441 F.2d 1129, 1130 (5th Cir.1971) (per curiam) (U.S. not bound by apparent settlement where agent was without authority to compromise taxpayer's tax liability). Here, the I.R.S. and the appellant were clearly *only* in the initial stages of discussing possible settlement of the tax liabilities and no binding enforceable settlement was reached.

### D. JURISDICTION OVER THE ABATEMENT OF INTEREST ISSUE

■ We agree with the holding in *508 Clinton Street Corp. v. Commissioner of Internal Revenue,* 89 T.C. 352 (1987) and the appellee's assertion in the instant case, that the Tax Court properly denied appellant's request to abate the interest on the deficiencies determined in the appellant's tax liability. In *508 Clinton Street Corp.,* the Court was faced with the same situation as we have in this case, and held that "this Court lacks jurisdiction to consider the interest abatement issue raised under Section 6404(e)." *Id.* at 357.

In its well-reasoned opinion, the Court in *508 Clinton Street Corp.* discussed the express language and legislative history of section 6404(e) and related sections and noted that "by its very terms, [section 6404(e)] does not operate until after there has been an assessment of interest, which has not yet occurred in this case." *Id.* at 355. Similarly, there has been no assessment of interest in this case either, and the appellant's claim to an interest abatement is clearly premature.

### III.

Based on the foregoing authorities and analysis, we find that there was no binding settlement between the parties and the Tax Court did not have jurisdiction over the appellant's claim for an abatement of interest under § 6404(e) of the Internal Revenue Code. We also find that the Tax Court correctly recharacterized the motion as one of partial summary judgment and correctly imposed sanctions on the taxpayer under Rule 104 of the Tax Court Rules of Practice and Procedure. Accordingly, the Tax Court's Order granting partial summary judgment in favor of the government is AFFIRMED.