**Martin J. DELOHERY, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, DEPARTMENT OF the TREASURY, UNITED STATES of America, Defendant.**

No. 93–B–897.

United States District Court, D. Colorado.

Feb. 16, 1994.

Martin J. Delohery, Monument, CO, for plaintiff.

William G. Pharo, Asst. U.S. Atty., Denver, CO and Karen Lynne Baker, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

The United States of America (the government) moves for summary judgment on plaintiff's tax refund action. For the reasons set forth below, I will grant the government's motion.

### I.

On April 20, 1993, plaintiff Martin J. Delohery (Delohery) filed this *pro se* complaint seeking a refund of approximately $20,000 paid towards a section 6672 tax liability assessed against him. Delohery was the president and sole shareholder of two corporations: Quebec Investment Company which operated a Village Inn restaurant in Castle Rock, Colorado; and Douglas Investment Company, which operated a Village Inn restaurant in Monument, Colorado. Quebec Investment Company and Douglas Investment Company (the corporations) failed to timely pay their federal employment taxes for all four quarters of 1985 and the first and second quarters of 1986.

In 1986, while negotiating a contract to sell the two Village Inn restaurants, Delohery contacted the Internal Revenue Service (IRS) regarding the tax liabilities of the corporations. Specifically, Delohery requested a waiver of some of the penalties and interest on the corporations' tax liabilities in order that the sale of the restaurants could take place. The IRS denied Delohery's request and on June 10, 1986, the IRS sent Delohery a letter which stated that the total tax liabilities of the corporations for the quarters ending March 31, 1986, as of June 19, 1986, was $262,285.81. The letter also stated that the taxes owed for wages paid from April 1, 1986, were not included in the figure and that those amounts should be added to the total figure.

Subsequently, Delohery contacted the Office of the District Director and spoke with Revenue Officer David Scott (Scott). Delohery told Scott that he would be able to make the $262,285.81 payment but that he would not be able to pay the employment tax liability of approximately $20,000 for the second quarter of 1986. Scott allegedly told

Delohery that he would make adjustments to the interest and penalties to "cover the second quarter" tax liability. Based on this representation, the sale of the restaurants occurred.

On June 30, 1986, Delohery's attorney sent a check to the IRS in the amount of $262,-285.81. The money was applied to the Form 941 tax liabilities of the corporations for all four quarters of 1985 and the first quarter of 1986.

Almost two years later, the IRS assessed Delohery for the second quarter 1986 employment taxes owed by the two corporations. Delohery paid a total of $21,086.16 in additional assessments.

In March 1991, Delohery filed a claim for refund with the IRS which was denied. Delohery then brought this *pro se* refund action. In this action, Delohery claims that Scott agreed to a settlement of the employment tax liabilities of the corporations in order that the sale of his two restaurants could take place. Specifically, Delohery contends that under the terms of the alleged agreement, upon receipt of the $262,285.00 payment, all employment tax liabilities of the corporations would be satisfied in full. Delohery therefore claims that the section 6672 liability for the second quarter of 1986 was illegally assessed against him and seeks a refund of the $21,086.16 paid.

The government moves for summary judgment on two bases: 1) there was no compromise of the employment taxes owed for the second quarter of 1986 as a matter of law; and 2) Delohery never filed a proper claim for refund for the section 6672 liability assessed against him. Because I agree that summary judgment is appropriate on the first basis, I will not address the government's second argument.

## II.

■ Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553; *Mares v. ConAgra Poultry Co., Inc.,* 971 F.2d 492, 494 (10th Cir.1992).

■ Once the moving party demonstrates an absence of evidence supporting an essential element of the plaintiff's claim, the burden shifts to the plaintiff to show that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. To satisfy this burden the nonmovant must point to specific facts in an affidavit, deposition, answers to interrogatories, admissions, or other similar admissible evidence demonstrating the need for a trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Mares,* 971 F.2d at 494.

■ Summary judgment is also appropriate where no reasonable jury could return a verdict for the claimant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511; *Mares,* 971 F.2d at 494. However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512; *Mares,* 971 F.2d at 494.

## III.

■ Under Sections 7121 and 7122 of the Internal Revenue Code, the IRS may settle any tax disputes and compromise any civil or criminal case arising under the internal revenue laws. 26 U.S.C.A. §§ 7121 and 7122

(1989). The procedures for compromising tax liabilities are set forth in the regulations to Section 7122. Treasury Regulation § 301.7122–1(d) and (d)(3) require that the offer and acceptance of a compromise be in writing. 26 C.F.R. § 301.7122–1(d)(1), (d)(3); *United States v. Wingfield*, 822 F.2d 1466, 1476 n. 8 (10th Cir.1987). These regulations are mandatory and strictly construed. *Boulez v. Commissioner of Internal Revenue*, 810 F.2d 209, 215 (D.C.Cir.1987), *cert. denied*, 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987). Additionally, they are the exclusive means in which to compromise tax liabilities. *Klein v. Commissioner of Internal Revenue*, 899 F.2d 1149, 1152 (11th Cir.1990); *Laurins v. Commissioner of Internal Revenue*, 889 F.2d 910, 912 (9th Cir.1989); *Brooks v. United States*, 833 F.2d 1136, 1145 (4th Cir.1987).

Here, Delohery acknowledges that he did not submit an offer in compromise to the IRS. (Def.'s Exhibit J, at 70, lines 11–25; p. 71, lines 1–25; p. 72, lines 1–2.) Delohery does not disagree with the government with respect to the scope of § 7122 and its requirements to achieve an offer in compromise thereunder. Delohery argues, however, that the doctrine of equitable estoppel applies in this case preventing the strict application of § 7122 and creating a genuine issue of fact for trial.

■ The Tenth Circuit recognizes the doctrine of estoppel against the government with great reluctance. *U.S. v. Browning*, 630 F.2d 694, 702 (10th Cir.1980); *Emery Mining Corp. v. Secretary of Labor*, 744 F.2d 1411, 1416 (10th Cir.1984). The only circumstances justifying use of the doctrine are those in which the court is able to conclude that the doctrine does not interfere with underlying government policies or unduly undermine the correct enforcement of a particular law or regulation. *Id.*

■ In order to assert equitable estoppel, a party must have relied on the adversary's conduct in such a manner as to change his position for the worse, and such reliance must have been reasonable in that the party claiming the estoppel did not know, nor should it have known that the adversary's conduct was misleading. *Emery Mining Corp.*, 744 F.2d at 1416. Delohery has the burden of proof as the party claiming estoppel. *U.S. v. Asmar*, 827 F.2d 907, 912 (3rd Cir.1987). I find that Delohery's reliance on the government was neither reasonable nor detrimental.

■ Delohery's reliance on Scott's misrepresentation was unreasonable for two reasons. First, Section 7122 provides that only the Secretary or his delegate may compromise a tax liability. 26 U.S.C.A. § 7122. In *Browning*, the Tenth Circuit held that "it is fundamental that the United States is not estopped by representations made by an agent without authority to bind the government in a transaction." 630 F.2d at 702. Delohery does not dispute the government's contention that Scott did not have the authority to compromise a tax claim under Section 7122. Second, as mentioned above, the applicable treasury regulations require that an offer of compromise and an acceptance be in writing. 26 C.F.R. § 301.7122–1(d)(1), (d)(3); *United States v. Wingfield*, 822 F.2d 1466, 1476 n. 8 (10th Cir.1987). In dealing with the government, Delohery is charged with knowledge of applicable statutes and regulations. *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). Thus, Delohery should have known that Scott's oral representation of compromise was not binding and, therefore, I conclude that his reliance on the agreement was unreasonable as a matter of law. *See U.S. v. Wingfield*, 822 F.2d 1466, 1476 n. 8 (10th Cir.1987).

In addition, Delohery has provided insufficient evidence for me to conclude that there is a genuine issue of fact as to whether he was left worse off because of his alleged reliance on Scott's misrepresentation. "To analyze the nature of a private party's detrimental change in position, we must identify the manner in which reliance on the Government's misconduct has caused the private citizen to change his position for the worse." *Heckler v. Community Health Services of Crawford County*, 467 U.S. 51, 61, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984). Before and after the alleged misrepresentation, the IRS insisted that the same tax obligation was

owed. In an attempt to prove detrimental reliance, Delohery states that in reliance upon the government's misrepresentation, he proceeded with the closing of the sale of his restaurants, provided $262,286 to the Internal Revenue Service, and entered into an elaborate escrow arrangement designed to pay the remaining creditors of the Village Inn restaurants. Delohery contends that when further collection efforts against him and the Village Inn restaurants were initiated by the IRS, his credit relationship with the People's National Bank went into default. As a result, Delohery has been threatened with foreclosure and was required to enter into unfavorable arrangements with the Bank to forestall collection efforts.

As in *Heckler,* this is not a case in which Delohery has "lost any legal right, either vested or contingent, or suffered any adverse change" in his status. *Heckler,* 467 U.S. at 61, 104 S.Ct. at 2224; *see also U.S. v. Wingfield,* 822 F.2d 1466, 1476 (10th Cir.1987); *U.S. v. Asmar,* 827 F.2d 907, 913–15 (3rd Cir.1987). I conclude that Delohery's acts of reliance do not involve a level of detriment necessary to justify the application of the estoppel doctrine.

Moreover, cases in many circuits, including the Tenth Circuit, have suggested that "a showing of affirmative misconduct is necessary to estop the government." *See e.g., Emery Min. Corp. v. Secretary of Labor,* 744 F.2d 1411, 1417 n. 7 (10th cir. 1984); *Lurch v. U.S.,* 719 F.2d 333, 341 & n. 12 (10th Cir.1983), *cert. denied,* 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 182 (1984); *U.S. v. Asmar,* 827 F.2d 907, 912 (3rd Cir.1987); *Akbarin v. INS,* 669 F.2d 839, 842 (1st Cir. 1982); *Corniel–Rodriguez v. INS,* 532 F.2d 301 (2d Cir.1976); *Mukherjee v. INS,* 793 F.2d 1006, 1008 (9th Cir.1986). Delohery has failed to provide evidence that any such misconduct occurred.

I conclude that summary judgment in favor of the government is appropriate as there was no valid compromise of Delohery's tax liability and the doctrine of equitable estoppel does not apply in this case as a matter of law.

Accordingly, it is ORDERED that the government's motion for summary judgment is GRANTED; this action is DISMISSED, each party to bear their own costs.