TERRY W. HEIL AND BEVERLY C. HEIL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heil v. Commissioner
Docket Nos. 24578-87, 2163-90
United States Tax Court
T.C. Memo 1994-417; 1994 Tax Ct. Memo LEXIS 426; 68 T.C.M. (CCH) 513; August 22, 1994, Filed *426 Decisions will be entered for respondent. For petitioners: Robert M. Wechsler. [1]
For respondent: Linda J. Wise. DAWSON
DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: These consolidated cases were assigned to Special Trial Judge Robert N. Armen, Jr. pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [2] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: Respondent determined a deficiency in and additions to petitioners' Federal income taxes for the taxable years 1982 and 1983 as follows: Additions to Tax Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6659
Sec. 6661
1982
$ 8,095
$ 404.75
[1]
$ 2,418
1983
-- -- --
-- $ 5,711.50
*427 Respondent also determined that petitioners are liable for additional interest under section 6621(c) for the 1982 taxable year. Finally, in her amendment to answer, respondent claimed an increase in the amount of the addition to tax under section 6653(a)(1) of $ 1,521.70, for a total addition to tax of $ 1,926.45 for the 1982 taxable year. After concessions by petitioners, [3] the only issue for decision is whether respondent entered into a binding settlement agreement with petitioners which resolved all of the previously unsettled issues relating to petitioners' involvement with Energy Resources, Ltd. in 1982 and 1983. If we decide this issue in petitioners' favor, then further proceedings will be required in order to determine the amount, if any, of petitioners' unrecouped investment in Energy Resources, Ltd. in 1982. *428 FINDINGS OF FACT Some of the facts have been stipulated, and they are so found. At the time that the petition was filed in docket No. 24578-87 (taxable year 1982), petitioners resided in New Canaan, Connecticut. At the time that the petition was filed in docket No. 2163-90 (taxable year 1983), petitioners resided in Dallas, Texas. In 1982, petitioner Terry W. Heil (petitioner) acquired a beneficial interest in Morgan Investment Trust (the Trust). His total investment [4] in the Trust was $ 15,000. In both 1982 and 1983, the Trust was a limited partner in Energy Resources, Ltd. (ERL). In 1982, the Trust made capital contributions to ERL in the amount of $ 35,000. The Trust made no capital contributions to ERL in 1983. The Trust invested in projects other than ERL during the 1982 taxable year. On their 1982 and 1983 joint Federal income tax *429 returns, petitioners reported flow-through items arising from various activities and transactions of the Trust. Respondent's determinations for 1982 and 1983 related primarily to petitioner's second-tier investment in ERL. Through their attorney, Robert A. Hall, Jr. (Mr. Hall), petitioners filed timely petitions in response to both notices of deficiency. ERL was part of a special litigation project under the control of the Birmingham District Counsel and Birmingham Appeals offices of the Internal Revenue Service (IRS). Settlement Guidelines (the Guidelines) relating to taxpayers who had invested in ERL during the taxable years 1980, 1981, and 1982 were promulgated by the Southeast Regional Office of the IRS on January 27, 1986. [5]
*430 The petition relating to the 1982 taxable year (docket No. 24578-87 or the docket) was filed on July 20, 1987. After an answer was filed, docket No. 24578-87 was referred to the Hartford Appeals Office of the IRS (the Hartford Office) for consideration. The docket was then assigned to an appeals officer (the Appeals Officer). By letter dated October 30, 1987 (respondent's October 30th letter), the Appeals Officer advised Mr. Hall of the availability of the national settlement position and of the existence of the Guidelines. In respondent's October 30th letter, the Appeals Officer invited Mr. Hall to respond by indicating whether his clients wished to settle in accord with the Guidelines. The Appeals Officer indicated that a response was required within 30 days and that if petitioners wished to settle, Mr. Hall should include in his reply documentation of any investment his clients had in ERL. Among the documents specifically requested were copies of petitioners' 1980 and 1981 tax returns. The Appeals Officer later agreed to extend the response period by one week. The documentation requested by the Appeals Officer was needed to determine the amount that petitioner had invested *431 in ERL and the amount, if any, of the investment that had been recouped by petitioners. The Guidelines provided that taxpayers were entitled to deductions equal to the amount of their unrecouped investment in ERL. Mr. Hall responded to respondent's October 30th letter in writing on December 8, 1987 (petitioners' December 8th letter). In petitioners' December 8th letter, Mr. Hall indicated that petitioners wished to settle and included a copy of a $ 15,000 check (the check), which designated the Trust as payee. At that time, Mr. Hall was unable to obtain from petitioners copies of their 1980 and 1981 tax returns; he requested that the Appeals Officer attempt to obtain them internally. [6] Other than the check, which designated the Trust and not ERL as payee, no documentation regarding either the amount petitioner had invested in ERL or the amount, if any, of the investment that had been recouped by petitioners was included with petitioners' December 8th Letter. *432 The Appeals Officer never submitted a settlement proposal to his reviewer. Instead, he recommended that petitioners' case be forwarded to District Counsel for trial preparation. The Appeals Officer's reviewer during the relevant time period, an Associate Chief in the Appeals Office (the Associate Chief), agreed with the recommendation of the Appeals Officer because there was inadequate proof of the amount of petitioners' investment in ERL and because it was unclear whether any part of such investment had been recouped. At that time, only the Associate Chief or the Chief of the Hartford Office was authorized to enter into a settlement agreement regarding this type of case on behalf of respondent. [7]
By letter dated February 9, 1988 (respondent's February 9th letter), petitioners were advised that their case was being transferred to District Counsel for trial preparation. *433 Respondent's February 9th letter, signed by the Associate Chief, indicated that the case was being transferred because a "mutually satisfactory basis of settlement had not been reached." Mr. Hall received a copy of this letter; however, he did not respond in writing. This Court issued an Order dated April 21, 1988 (the April 21st Order), directing the parties to file a status report with the Court by June 8, 1988. Respondent filed a timely report indicating that settlement was unlikely and that no compelling reasons existed to preclude calendaring the case for trial. This status report was served on petitioners through their representative, Mr. Hall. Petitioners failed to file a status report. On May 24, 1988, Linda Wise (Ms. Wise), acting on behalf of Birmingham District Counsel, wrote to Mr. Hall indicating that respondent might still be willing to enter into a settlement agreement, but on terms less favorable to petitioners than those initially offered to them, if certain information and documentation relating to petitioner's investment in ERL was provided, including copies of petitioners' 1980 and 1981 tax returns (respondent's May 24th letter). The documentation requested *434 by Ms. Wise, like the documentation requested by the Appeals Officer, was needed to determine the amount that petitioner had invested in ERL and the amount, if any, of the investment which had been recouped by petitioners. Apparently in response to respondent's May 24th letter, Mr. Hall wrote to Ms. Wise on July 21, 1988 (petitioners' July 21st letter). In petitioners' July 21st letter, Mr. Hall stated, in part: Neither my clients nor I have any information associated with their investment in Energy Resources, Ltd. since the general partner has abandoned the limited partners and thus no information is available with which to make an informed decision as to my clients' position with respect to their investment in Energy Resources, Ltd.
On August 1, 1988 (respondent's August 1st letter), Ms. Wise responded to Mr. Hall by stating, in part: This is in response to your letter of July 21, 1988. Your failure to respond to our letter of May 24, 1988, has been treated as a rejection of the final settlement offer for the shelter in this case. Accordingly, it appears at this point that the only way to resolve this case without trial is for the petitioners to fully concede the *435 determinations made in the notice of deficiency. Since no information has been provided in response to our informal discovery requests, we must resort to formal discovery. * * * As a partner in Energy Resources, Ltd. (Energy), petitioners have a legal right to access to the partnership's records and are considered to have custody of such records for purposes of the Tax Court's discovery procedures.
The first written indication that petitioners believed a settlement had been reached was in a letter dated August 5, 1988, sent by Mr. Hall to Ms. Wise (petitioners' August 5th letter). In petitioners' August 5th letter, Mr. Hall indicated that he, on behalf of petitioners, had accepted the initial settlement offer tendered by respondent. Also in August 1988, Mr. Hall provided copies of petitioners' 1981 and 1982 Federal Income tax returns to respondent. [8]
In February 1990, after petitioners' current *436 representative had entered his appearance, petitioners amended their petition in docket No. 24578-87 to include "a second count alleging petitioners' acceptance of a binding settlement". OPINION Petitioners contend that a binding settlement agreement was entered into by Mr. Hall on behalf of petitioners and by the Appeals Officer on behalf of respondent. The question of whether the parties entered into a binding settlement agreement which resolved all previously unsettled issues relating to petitioner's involvement with Energy Resources, Ltd. in 1982 and 1983 can be broken into three component questions. The first component question is whether Mr. Hall and the Appeals Officer entered into a settlement agreement. If we find that the Appeals Officer and Mr. Hall did enter into an agreement, then we must decide whether the Appeals Officer had authority to enter into a binding settlement agreement on behalf of respondent. Finally, if we conclude that the Appeals Officer had the requisite authority, the remaining question is whether the binding settlement agreement resolved all previously unsettled issues relating to petitioner's involvement with Energy Resources, Ltd. in 1982 and *437 1983. We begin with the issue of whether a settlement agreement was entered into by the Appeals Officer and Mr. Hall. To resolve this issue, we apply general principles of contract law. Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969), supplemented by 53 T.C. 275 (1969). Objectively ascertainable mutual assent is a prerequisite to the formation of a contract. 17A Am. Jur. 2d, Contracts, secs. 27 and 28 (1991); 1 Williston on Contracts sec. 3:5 (4th Ed. 1990). Petitioners contend that respondent's October 30th letter, from the Appeals Officer to Mr. Hall, was an offer and that petitioners' December 8th letter, from Mr. Hall to the Appeals Officer, was an acceptance of that offer. [9] Petitioners maintain that the documentation requested by the Appeals Officer was necessary only to compute the amount of the deduction to which petitioners are entitled. Consistent with that premise, petitioners contend that the documentation was not a prerequisite to entering into a settlement agreement. *438 Respondent, in contrast, characterizes the requested documentation as a necessary foundation to an agreement. She contends that respondent's October 30th letter was not an offer, but rather a preliminary step towards entering into a settlement agreement. Alternatively, respondent contends that even if the October 30th letter was an offer, petitioners' December 8th letter was, at best, a counteroffer since it did not include all information necessary to enter into the settlement agreement. It is well established that, as a general rule, the Commissioner's determinations are presumed correct and that the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). We are unpersuaded that the parties mutually assented to the formation of a contract. See Klein v. Commissioner, 899 F.2d 1149, 1152-1153 (11th Cir. 1990), affg. an unpublished Order of this Court. We found petitioners' former representative, Mr. Hall, a credible witness. Nevertheless, Mr. Hall's testimony at trial was inconsistent with his conduct between December 8, 1987, and *439 August 1988. As noted above, petitioners, through the testimony of Mr. Hall, maintain that the documentation requested by the Appeals Officer was necessary only to compute the amount of the deduction to which petitioners are entitled and that the documentation was not a prerequisite to entering into a settlement agreement. However, we think that this view is unsupported by the record. Petitioners had ample opportunity to indicate their belief that a settlement agreement had been entered into by the parties; however, they failed to do so until 6 months after they received the first written indication that respondent did not think that a settlement agreement existed. We view as implausible the idea that petitioners would not have protested in writing that a settlement agreement had already been entered into by the parties when it appeared that respondent was moving towards trial. Petitioners missed opportunities to express the view that a settlement agreement existed on the following occasions: (1) Petitioners did not respond in writing to respondent's February 9th letter advising them that their case was being forwarded to District Counsel for trial preparation since no settlement *440 had been reached; (2) petitioners did not file a status report in response to the Court's April 21st Order to do so, even after respondent had filed her report indicating that settlement was unlikely and that there was no reason for the case not to be set for trial; (3) in responding to respondent's May 24th letter, which offered settlement on terms less favorable to petitioners than those initially offered, petitioners disavowed having sufficient information available to enter into an agreement; and (4) petitioners did not amend their petition to include the allegation that petitioners had entered into a settlement agreement until February 16, 1990, approximately 2 years after they first received written notice that respondent did not view the case as settled. The Court is unable to reconcile petitioners' silence regarding the existence of an agreement on each of these occasions with the view expressed in petitioners' August 5th letter that an agreement had been reached 8 months earlier, with documentation needed only to calculate the amount of the deduction to which petitioner would be entitled. We are therefore unable to conclude that the requisite mutual assent existed at the *441 time of the initial exchange of letters between the Appeals Officer and Mr. Hall. Having decided that no settlement was entered into by the parties, and petitioners' having conceded these cases in that event, we sustain respondent's determinations for both the 1982 and 1983 taxable years. [10]
To reflect the foregoing, Decisions will be entered for respondent. Footnotes
1. Petitioners were originally represented by Robert A. Hall, Jr. Mr. Hall withdrew as counsel in anticipation of testifying as a material witness in this case.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on $ 8,095.↩
3. Petitioners concede that if no binding settlement agreement was entered into by the parties, respondent's determinations should be sustained for both of the years in issue. Moreover, petitioners concede that even if the parties did enter into a binding settlement agreement, petitioners would be liable for the sec. 6661 addition to tax under the terms of such agreement.↩
4. Our use of the term "investment" in this Opinion is for convenience only and is not intended to suggest any legal conclusion regarding the substance of the transaction.↩
5. Although the Guidelines do not directly relate to the 1983 taxable year, they do provide the manner in which the addition to tax for substantial understatement under sec. 6661 will be applied for "1982 and subsequent years". The only determination in the deficiency notice for the 1983 taxable year was that petitioners were liable for this addition to tax. See supra↩ note 3.
6. Although it was not standard practice to do so, the Appeals Officer did make a limited effort to locate petitioners' 1980 and 1981 returns. However, he determined that he would not be able to obtain them expeditiously.↩
7. However, neither the Associate Chief nor the Chief was authorized to enter into a settlement agreement that did not satisfy the Guidelines.↩
8. It appears that Mr. Hall provided the copies to Ms. Wise, but the record is not entirely clear on this point.↩
9. Petitioners have also suggested that Mr. Hall had, on petitioners' behalf, accepted respondent's offer in a prior conversation. Whether or not conversations occurred between Mr. Hall and respondent alters neither our analysis nor our conclusion; thus, we need not address this matter.↩
10. We note that respondent bears the burden of proof with respect to the increased amount of the addition to tax under sec. 6653(a)(1) for 1982. Rule 142(a); Truesdell v. Commissioner, 89 T.C. 1280, 1292↩ (1987). The amount of this addition determined in the notice of deficiency reflected a computational error. We are satisfied that respondent has carried her burden of proof as to the increased amount.