*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2002 FED App. 0320P (6th Cir.)
File Name:  02a0320p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: LARRY CROWELL and
MARY S. CROWELL,

       *Debtors.*

_____

LARRY CROWELL, MARY S.
CROWELL, DUANE C.
OLCSVARY, and PATRICIA C.
OLCSVARY,

       *Appellants,*

       *v.*

UNITED STATES OF AMERICA
and INTERNAL REVENUE
SERVICE,

       *Appellees.*

No. 01-5374

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 00-00070—R. Allan Edgar, Chief District Judge.

Argued:  July 16, 2002

Decided and Filed:  September 18, 2002

Before: SUHRHEINRICH, SILER, and GILMAN, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Kyle R. Weems, WEEMS & ASSOCIATES, Chattanooga, Tennessee, for Appellants. Karen D. Utiger, UNITED STATES DEPARTMENT OF JUSTICE, APPELLATE SECTION TAX DIVISION, Washington, D.C., for Appellees. **ON BRIEF:** Kyle R. Weems, WEEMS & ASSOCIATES, Chattanooga, Tennessee, for Appellants. Karen D. Utiger, Kenneth L. Greene, UNITED STATES DEPARTMENT OF JUSTICE, APPELLATE SECTION TAX DIVISION, Washington, D.C., for Appellees.

_____

**OPINION**

_____

SILER, Circuit Judge. Debtors Larry and Mary Crowell and Duane and Patricia Olcsvary appeal the ruling of the bankruptcy and district courts that Internal Revenue Service ("IRS") Delegation Order ("DO") 209 applies to their agreements with the IRS settling the tax treatment of certain partnership items. Because DO 209 deals specifically with delegated authority to enter into written settlement agreements in partnership cases, as opposed to the more general DO 97, we AFFIRM.

**BACKGROUND**

Debtors Larry and Mary Crowell and Duane and Patricia Olcsvary were partners in various cattle-breeding tax shelter partnerships owned and operated by W.J. Hoyt III ("the Hoyt partnerships"). To settle their tax liabilities arising out of these partnerships, debtors entered into written agreements with the IRS. R.M. Spooner, associate chief of appeals, signed the agreements on behalf of the IRS. These

Not one of the cases cited by debtors addresses the applicability of DO 209 to agreements settling partnership items. The IRS does not disagree with the statements in the cases cited by debtors that 26 U.S.C. §§ 7121 and 7122 govern the settlement of disputed tax liabilities and authorize the Secretary or an authorized delegate to settle tax cases. *See, e.g.*, *Klein v. Commissioner*, 899 F.2d 1149, 1152 (11th Cir. 1990). Section 6224 should not be construed as providing an independent source of authority for settling TEFRA partnership cases, but rather as detailing the binding effect that a settlement agreement will have in such cases. That does not mean that the Secretary may not delegate his or her authority to settle cases under § 7121 or that DO 97 applies to the exclusion of DO 209.

**CONCLUSION**

Because DO 209 applies to the closing agreements at issue and vests Spooner with authority to execute them, the agreements are valid and enforceable. The judgment of the district court affirming the bankruptcy court is AFFIRMED.

Debtors contend that the IRS never considered DO 209 as applying to the agreements at issue, citing the fact that the IRS originally asserted that DO 97 authorized Spooner to execute the agreements. Because authority was properly delegated to Spooner in accordance with DO 209 under established IRS procedures, trial counsel's temporary misapprehension as to the source of Spooner's authority is irrelevant.

Debtors also argue that § 6224(c) and DO 209 apply only to partnership-wide settlement agreements and not to agreements with individuals. But § 6224(c)(1) applies by its terms to agreements between the IRS and one or more partners with respect to the determination of partnership items for any partnership taxable year, and states that such an agreement is binding on all parties to the agreement. Section 6224(c)(2) provides that other partners have a right to enter into consistent agreements, but contains no requirement that settlements must be binding on a partnership-wide basis. Therefore, § 6224(c) and DO 209 apply to agreements with individual partners as well as to partnership-wide agreements.

Contrary to debtors' assertions, the use of a Form 906 Closing Agreement does not render § 6224(c) and DO 209 inapplicable. Section 6224(c) does not prohibit the use of any particular form, but merely provides that the IRS may enter into a "settlement agreement" with one or more partners with respect to partnership items. Here, the Crowells and the Olcsvarys, partners in the Hoyt partnerships, entered into the agreements purporting to resolve their tax liabilities arising out of the partnerships; therefore, the agreements are "settlement agreements" within the meaning of § 6224(c). *See Crnkovich v. United States*, 202 F.3d 1325, 1331-33 (Fed. Cir. 2000) (holding that a Form 906 Closing Agreement constitutes a "settlement agreement" for TEFRA purposes); Internal Revenue Manual § 4.31.1.12.9.9(1) ("A Form 906, Closing Agreement on Final Determination Covering Specific Matters, is a settlement agreement referred to in IRC 6224(c).").

agreements, each prepared using a "Form 906 Closing Agreement," purportedly resolved disputes between debtors and the IRS regarding tax treatment of certain partnership items. After the agreements were signed, the IRS adjusted debtors' tax deficiencies to reflect the terms of the agreements.

Subsequently, the Crowells and the Olcsvarys filed for Chapter 13 bankruptcy. The IRS filed proofs of claim in each bankruptcy for tax deficiencies calculated in accordance with the terms of the agreements. The Crowells and the Olcsvarys then filed adversary proceedings against the IRS seeking to have its claims denied. As grounds, debtors asserted that the agreements are invalid because Spooner lacked authority to execute them under DO 97. At the time Spooner executed the agreements, proceedings involving the Hoyt partnerships were pending before the tax court. DO 97 bars an IRS official in Spooner's position from executing a closing agreement in a case docketed in the tax court. The IRS responded that another, more specific delegation order, DO 209, authorized Spooner to execute the agreements. DO 209, which delegates authority in partnership matters, authorizes associate chiefs of appeals to enter into and approve written settlement agreements with one or more partners, without any limitation on cases pending in the tax court.

Considering the rule of construction that "the specific governs the general," the bankruptcy court determined that DO 209 is the more specific of the two delegation orders because its area of operation is limited to partnerships and subchapter S corporations. According to the bankruptcy court, the IRS's internal guidelines and procedures confirm that DO 209 governs the execution of written settlement agreements between the IRS and partners in a partnership and contemplate that such agreements will be executed by IRS officials of Spooner's rank, regardless of whether the partnership has a case before the tax court. In conclusion, the bankruptcy court held that DO 209 authorized Spooner to execute the agreements and that the agreements are therefore

valid and binding on both parties.  The district court affirmed the bankruptcy court's judgment.

## STANDARD OF REVIEW

Applying the same standards of review as the district court, we review the bankruptcy court's legal conclusions *de novo* and uphold its factual findings unless clearly erroneous. *In re 255 Park Plaza Assocs. Ltd. P'ship*, 100 F.3d 1214, 1216 (6th Cir. 1996).

## DISCUSSION

Under 26 U.S.C. § 7121, entitled "Closing Agreements," the Secretary of the Treasury ("the Secretary") "is authorized to enter into an agreement in writing with any person relating to the liability of such person . . . in respect of any internal revenue tax for any taxable period." 26 U.S.C. § 7121(a). An agreement approved by the Secretary is "final and conclusive, . . . except upon a showing of fraud or malfeasance, or misrepresentation of a material fact." *Id*. § 7121(b).  The Secretary has delegated the authority to administer and enforce the Internal Revenue Code ("the Code") to the Commissioner of Internal Revenue ("the Commissioner"). Treas. Order No. 150-10 (Apr. 22, 1982) (J.A. at 193). Treasury regulations authorize the Commissioner to enter into written closing agreements relating to a person's tax liability and give these agreements final and conclusive effect.  26 C.F.R. § 301.7121-1(a), (c).

Pursuant to that authority, the Commissioner has issued DO 97, a general delegation of authority to certain IRS officials and employees to execute closing agreements.  It provides in relevant part:

The Assistant Commissioner (International); Regional Commissioners; Regional Counsel; Regional Chief Compliance Officers; Service Center Directors; Director, Austin Compliance Center, District Directors; Regional Directors of Appeals; Assistant Regional Directors of Appeals; Chiefs and Associate Chiefs of Appeals

procedures for handling TEFRA matters, which are set forth in the *Appeals Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) Handbook* ("*TEFRA Handbook*").  The *TEFRA Handbook* specifically states:

(1)  All appeals agreement forms must be accepted by an authorized appeals person per Delegation Order 209 . . . . The appeals forms will generally reflect a settlement based on hazards.  Therefore, examination personnel have not been designated the authority to accept such settlements.

(2)  Appeals personnel will execute agreements secured in nondocketed and docketed cases . . . .

*TEFRA Handbook* § 665.  Similarly, the *TEFRA Handbook* provides:

Delegation Order No. 209 as revised, authorizes appropriate officials to sign notices . . . and settlement agreements. . . . The full authority to sign [notices] and settlement agreements . . . has been given to chiefs and associate chiefs of appeals offices, and to the appeals team chiefs as to their respective cases.

*TEFRA Handbook* § 5(15)0; *see also id*. § 664.3(3) (stating that agreement forms should be submitted through the TEFRA coordinator to the associate chief or chief for signing).  Therefore, the IRS has applied DO 209, rather than DO 97, to TEFRA settlements and has established procedures whereby IRS officials and employees named in DO 209, including associate chiefs of appeals, are authorized to execute settlement agreements regarding partnership items in cases both docketed and undocketed in the tax court.  The IRS's internal operating procedures are entitled to some deference.  *See Reno v. Koray*, 515 U.S. 50, 60-61 (1995) (holding that an internal agency guideline "is still entitled to some deference"); *Orr v. Hawk*, 156 F.3d 651, 655 (6th Cir. 1998) ("[A]n internal rule [is] entitled to only limited deference.").

Offices; and Appeals Team Chiefs with respect to his/her team cases, are hereby authorized in cases under their jurisdiction (*but excluding cases docketed before the United States Tax Court*) to enter into and approve a written agreement with any person relating to the Internal Revenue tax liability of such person (or of the person or estate for whom he/she acts) for a taxable period or periods ended prior to the date of agreement and related specific items affecting other taxable periods.

DO 97(4) (emphasis added).[1] Some of the Hoyt partnerships in which the Crowells and the Olcsvarys had invested had proceedings pertaining to certain years docketed before the tax court at the time the agreements were executed. Consequently, if DO 97 applies, then Spooner, an associate chief of appeals, lacked authority to execute the agreements with respect to those cases and years. *See In re Klee*, 216 B.R. 42, 44-45 (Bankr. D. Ore. 1997) (holding that Spooner did not have authority to execute closing agreement under DO 97 and therefore agreement was invalid).

The IRS argues, and the bankruptcy and district courts agreed, that a different delegation order, DO 209, applies under the circumstances of this case and vests authority in Spooner to execute the closing agreements with the Crowells and the Olcsvarys. DO 209, entitled "Delegation of Authority in Partnership and S Corporation Matters," provides in relevant part:

> Authority to enter into and approve a written settlement agreement with one or more partners or shareholders with respect to the determination of partnership or subchapter S items and any items affected by such items for such partnership or S corporation taxable year is delegated to:

---

[1] This language is taken from the 1995 version of DO 97, Deleg. Order No. 97 (Rev. 32), 1995 WL 768847, the version in effect at the time Spooner executed the agreements with the Crowells and the Olcsvarys.

DO 209, the delegation order issued to implement § 6224(c), is the more specific order, applying expressly to the settlement of tax liabilities with respect to partnerships items. Since the agreements here served to settle the tax liabilities of the Crowells and the Olcsvarys involving the Hoyt partnerships, DO 209 applies and vests Spooner with authority to execute the agreements.

The IRS's construction of DO 209 supports the conclusion that DO 209 governs the closing agreements with the Crowells and the Olcsvarys. To carry out Congress's goal of unifying partnership determinations, the IRS has developed

---

Secretary or the Attorney General (or his delegate) and 1 or more partners in a partnership with respect to the determination of partnership items for any partnership taxable year shall (except as otherwise provided in such agreement) be binding on all parties to such agreement with respect to the determination of partnership items for such partnership taxable year. . . .

(2) Other partners have right to enter into consistent agreements.--If the Secretary or the Attorney General (or his delegate) enters into a settlement agreement with any partner with respect to partnership items for any partnership taxable year, the Secretary or the Attorney General (or his delegate) shall offer to any other partner who so requests settlement terms for the partnership taxable year which are consistent with those contained in such settlement agreement. . . .

(3) Tax matters partner may bind certain other partners.--

(A) In general.--A partner who is not a notice partner (and not a member of a notice group described in subsection (b)(2) of section 6223) shall be bound by any settlement agreement–
(i) which is entered into by the tax matters partner, and
(ii) in which the tax matters partner expressly states that such agreement shall bind the other partners.

(B) Exception.--Subparagraph (A) shall not apply to any partner who (within the time prescribed by the Secretary) files a statement with the Secretary providing that the tax matters partner shall not have the authority to enter into a settlement agreement on behalf of such partner.

a. chiefs and associate chiefs of appeals offices;

b. appeals team chiefs as to their respective cases;

c. appeals officers in service centers and the Austin Compliance Center but not as to their respective cases;

d. revenue agents (reviewers), (grade GS-11 and higher), in Examination Division or Office of Taxpayer Service and Compliance, Assistant Commissioner (International); and

e. revenue agents (grade GS-11 and higher) in service centers and the Austin Compliance Center.

DO 209(3).

As the district court noted, DO 209 differs from DO 97 in three key ways. First, DO 209 involves a more limited subject matter. As opposed to DO 97's general delegation of authority over closing agreements, DO 209 deals solely with agreements related to partnerships and S corporations. Second, DO 209 authorizes a wider range of IRS employees to execute settlement agreements in partnership cases. Third, DO 209 does not limit signatory authority with respect to cases docketed in the tax court. Given these distinctions, if DO 209 applies, rather than DO 97, then Spooner had authority to enter into the closing agreements, regardless of whether the Hoyt partnerships had matters docketed in the tax court, and thus those agreements are valid and binding on the parties.

Although administrative orders delegating authority to agency officials and employees do not carry the full weight of statutes, such orders warrant the use of similar rules of construction to aid in their interpretation. A basic rule of statutory construction is that "a specific statutory provision governs a general one." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 405 (6th Cir. 1998); *see also Edmond v. United States*, 520 U.S. 651, 657 (1997) ("Ordinarily, where a specific provision conflicts with a general one, the specific

governs."). Consequently, DO 209, as the more specific delegation, governs the closing agreements here.

DO 97 was issued pursuant to the regulation authorizing the Commissioner to enter into closing agreements, 26 C.F.R. § 301.7121-1. Although neither the regulation nor the delegation order expressly cites 26 U.S.C. § 7121, that section, which authorizes the Secretary to enter into closing agreements, clearly is the legislative source for the Commissioner's authority to settle tax cases. As the district court noted, "DO 97 does not apply to any particular area of taxation or type of agreement. Instead, DO 97 serves as the general authority for the named IRS officials to execute closing agreements."

In contrast, DO 209 was issued "[p]ursuant to the authority vested in the Commissioner of Internal Revenue by IRC 6223, 6224, 6228, 6229, 6231(a)(7), 6232, 6243, and 6244." The listed sections fall within the Code's provisions for assessing tax on partnership and S-corporation items, 26 U.S.C. §§ 6221-6245. Congress enacted these sections dealing with tax treatment of partnership items as part of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, 96 Stat. 324. TEFRA created a single unified procedure for determining the tax treatment of all partnership items at the partnership level, rather than separately at the partner level. *See* H.R. Conf. Rep. No. 97-760, at 599-600. TEFRA also addressed the settlement of partnership tax liabilities. While §§ 7121 and 7122 provide the general authority for the Secretary to settle tax cases, § 6224(c) details the binding effect such an agreement will have when a partnership is involved and requires that other partners be given the right to enter into consistent agreements.[2]

---

[2] Section 6224(c) provides:

c) Settlement agreement.--In the absence of a showing of fraud, malfeasance, or misrepresentation of fact--

(1) Binds all parties.--A settlement agreement between the