Darryl S. LONG and Arlyne M. Long, Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 84–1915.

United States Court of Appeals, Eighth Circuit.

Submitted March 4, 1985.

Decided March 25, 1985.

---

**958**

Darryl S. Long, Arlyne M. Long, pro se.

Glenn L. Archer, Jr., Washington, D.C., for appellee.

Before BRIGHT, JOHN R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

Darryl S. and Arlyne M. Long appeal from a decision of the Tax Court granting the Commissioner's motion for summary judgment and upholding the determination of a deficiency in and additions to their federal income tax for 1981 totalling more than $35,000.

The Commissioner based his determination in part on an increase in taxable income due to the disallowance of deductions claimed by the Longs' family trust. The Commissioner determined that the creation of the trust. The Commissioner determined that the creation of the trust, assignment of income thereto, and claims of deductions by the trust constituted a sham transaction not recognized for federal income tax purposes.

Following the issuance of an IRS deficiency notice, the Longs petitioned the Tax Court for a redetermination. In the only nonfrivolous assignment of error, the Longs alleged that "[t]he Commissioner erred in not allowing deductions to Tranquil Acres Trust (Exhibit B). Trust property and its officers will incur expenses pursuant to trust business."[1] The Commissioner moved for summary judgment, maintaining that the petition stated no facts on which the assignment of error was based as required by Tax Court Rule 34(b)(5), and that the case presented no genuine issue of material fact.

In their response to the motion for summary judgment, the Longs argued that their petition demonstrated a factual dispute about the allowability of deductions taken by the trust. Attached to the response were declarations of the Longs, which they alleged demonstrated another factual dispute about deductions allowable to them as individuals if not to the trust.[2] The Longs contended that, "[w]hile it is true that Petitioners did not allege in the petition that they had incurred any deduct-

---

1. The petition contained two other assignments of error: that the Commissioner erred in not making an allowance for taxes withheld from wages during 1981, and in stating that wages are income. The Tax Court summarily disposed of these arguments and the petitioners have not raised them on this appeal.

2. The declaration of Darryl S. Long stated in pertinent part:

   2. That in the year 1981, I have incurred expenses which are ordinarily deductable [sic] items.

   3. That amoung [sic] the expenses I have incurred are costs for such things as interest, real estate taxes, sales taxes, employee expenses, travel expenses and expenses involved with the operation of farming, amoung [sic] others.

   4. That in the Respondent's computation of income tax liability as shown in the notice of deficiency, none of such items were considered.

able [sic] expenses," they could amend their pleadings under Tax Court Rule 41.[3] The Longs also argued that their declarations presented a third factual issue as to the validity of the trust through compliance with the grantor trust provisions found in 26 U.S.C. §§ 671–79 (1982). They did not, however, submit any documents to support the statements in their declarations nor did they submit a motion for leave to amend their pleadings or a proposed amendment.

 The Tax Court noted that any issue not raised in the assignments of error is deemed conceded under Rule 34(b)(4). Furthermore, noting that the Longs were not strangers to the court,[4] that they had made no attempt to state specific supporting facts in their petition as required by Rule 34(b)(5), and that they had failed to submit a proposed amendment as required by Rule 41(a), the court denied leave to amend and refused to consider either a new assignment of error regarding the treatment of the trust for tax purposes or a new claim that additional deductions were available to the Longs as individuals. In light of the Tax Court's reasons, especially the Longs' failure to submit a proposed amendment, we cannot say the court abused its discretion in denying leave to amend. *Cf. Wolgin v. Simon,* 722 F.2d 389, 395 (8th Cir. 1983) (under Federal Rules of Civil Procedure, "to preserve the right to amend a complaint a party must submit a proposed amendment along with its motion").

 We also affirm the Tax Court's grant of summary judgment.[5] As the Longs correctly contend, as a general rule, the burden is on the party moving for summary judgment to show the absence of a genuine issue as to any material fact.

*Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); T.C.R. 121(b). However, "in deficiency actions the Commissioner's determination is presumed correct, and the petitioner bears the burden to prove otherwise." *Scherping v. Commissioner,* 747 F.2d 478, 480 (8th Cir.1984). Furthermore, the Commissioner is entitled to the benefit of that presumption in moving for summary judgment, *see Coca-Cola Co. v. Overland, Inc.,* 692 F.2d 1250, 1254 (9th Cir. 1982), and the presumption will permit judgment in the Commissioner's favor unless the opposing party produces substantial evidence overcoming it. *See Abramo v. Commissioner,* 78 T.C. 154, 163–64 (1982); *Wermager v. Cormorant Township Bd.,* 716 F.2d 1211, 1214 (8th Cir. 1983). Thus, the Longs bore the burden in opposing the motion to offer specific facts showing there was a genuine issue for trial. T.C.R. 121(d). Because they failed to state sufficient specific facts in their petition or their response to call into question the Commissioner's presumptively correct deficiency determination, the Tax Court did not err in granting summary judgment to the Commissioner.

Accordingly, we affirm the decision of the Tax Court.

---

**3.** Tax Court Rule 41(a) provides that, once a responsive pleading is served, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires." The rule further provides that "[a] motion for leave to amend a pleading shall state the reasons for the amendment and shall be accompanied by the proposed amendment."

**4.** On December 15, 1983, the Tax Court dismissed the Longs' petitions for redetermination of deficiencies for 1978–80. That dismissal was

based upon failure to properly prosecute and was affirmed by this court. *Long v. Commissioner,* 742 F.2d 1141 (8th Cir.1984).

**5.** The Tax Court proceeds under its own rules of practice and procedure, 26 U.S.C. § 7453 (1982), but Tax Court Rule 121 on summary judgment is derived from Rule 56 of the Federal Rules of Civil Procedure and is interpreted consistently with interpretations of Rule 56. *Abramo v. Commissioner,* 78 T.C. 154, 162 n. 8 (1982).