**Dale I. DIRKES, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

No. 01–2415.

United States Court of Appeals, Sixth Circuit.

Oct. 21, 2002.

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

Dale I. Dirkes appeals pro se the tax court's decision granting summary judgment to the Respondent. This court has jurisdiction to review final orders of the tax court under 26 U.S.C. § 7482. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In April 1998, the Commissioner of Internal Revenue (Commissioner) mailed a notice of deficiency to Dirkes indicating that he owed income taxes and penalties

for the taxable year 1993. The Commissioner determined that Dirkes had not filed a return for 1993 and owed taxes, interest, and penalties based upon capital gains and other income. In July 1998, Dirkes, who was imprisoned in Kentucky at the time, filed a petition for redetermination of deficiencies in the tax court. *See* 26 U.S.C. § 6213. Dirkes contested the capital gains tax, interest, and penalties but not his filing status. After a period of discovery, the Commissioner moved for summary judgment. The Commissioner conceded that Dirkes owed no capital gains taxes or penalties and gave him credit for itemized deductions of over $10,000. Dirkes responded to the Commissioner's motion and filed a motion to amend his petition to contest his filing status, the number of exemptions, and the amount of his itemized deductions. The tax court granted summary judgment to the Commissioner based upon the Commissioner's motion and Dirkes's original petition. The court determined that Dirkes owed $6,969 for taxable year 1993.

In his timely appeal, Dirkes argues that: (1) the tax court incorrectly decided that Dirkes underpaid his 1993 federal income tax liability; (2) the tax court erroneously computed Dirkes's 1993 federal income tax liability by applying tax treatment of a common law state to a resident of a community property state for the year in dispute; and (3) the tax court erred in denying Dirkes an opportunity to amend his petition.

This court reviews de novo questions of law decided by the tax court. *Estate of Schnack v. Commissioner*, 848 F.2d 933, 935 (9th Cir.1988). Under the Tax Court Rules of Practice and Procedure, summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Tax Court Rule 121(b); *Sundstrand Corp. of Consol. Subsidiaries v. Commissioner*, 98 T.C. 518, 520, 1992 WL 88529 (1992), *aff'd*, 17 F.3d 965 (7th Cir.1994); *Zaentz v. Commissioner*, 90 T.C. 753, 754, 1988 WL 34876 (1988).

Upon review, we conclude that the tax court properly granted summary judgment to the Commissioner. The Commissioner notified Dirkes of his tax deficiency in April 1998. The deficiency notice listed income from wages, sale of stock, and other sources, and indicated that Dirkes owed over $50,000 in taxes and additional amounts in penalties for failing to file a return and for failing to pay estimated taxes. The Commissioner calculated Dirkes's deficiency by using "married filing separate return" tax rates and assuming a standard deduction. Dirkes's July 1998 petition for redetermination contested the amount of income attributed to him and the assessment of penalties and interest. Dirkes did not challenge, however, his filing status or the use of the standard deduction. An IRS officer met with Dirkes in November 1998. Dirkes provided information about his sale of stocks and his deductions. In the motion for summary judgment, the Commissioner conceded that Dirkes owed no capital gains taxes or penalties and gave him credit for itemized deductions of over $10,000.

The Commissioner was entitled to a judgment as a matter of law. The pleadings in this case closed on September 3, 1998, when the Commissioner filed an answer to Dirkes's petition. Although the Commissioner later made concessions in Dirkes's favor, Dirkes did not place any evidence in the record to dispute the Commissioner's conclusions about his tax liabil-

ity. Dirkes did not object to his filing status until October 1999 when he filed his response to the Commissioner's motion for summary judgment and filed a motion to amend his petition. Based upon the pleadings before the tax court, the court properly granted summary judgment to the Commissioner.

■ Dirkes's argument that the tax court should have granted his motion to amend his petition is without merit. Dirkes had ample opportunity to raise the issue of his filing status before the Commissioner moved for summary judgment. He was on notice of the assumptions underlying the Commissioner's calculations and knew that "married filing jointly" status would reduce his tax liability, but he did not attempt to file such a return until after the Commissioner's motion. Because Dirkes's motion to amend would have caused undue delay to the proceedings and undue prejudice to the Commissioner, the tax court did not abuse its discretion by denying his motion. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Long v. Commissioner,* 757 F.2d 957, 959 (8th Cir.1985).

Finally, Dirkes's argument that the tax court erred by applying tax treatment of a common law state to a resident of a community property state is inapposite. Dirkes has not explained the significance of this distinction. To the extent that he is restating his argument that he should have been allowed to claim "married filing jointly" status, that issue has been addressed already.

For the foregoing reasons, we affirm the tax court's grant of summary judgment to the Commissioner. Rule 34(j)(2)(C), Rules of the Sixth Circuit.