# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

07-6037EM

_____

| | | |
|---|---|---|
| In re:  Robert Wayne Hicks Sr. and | * | |
| Janice Virginia Hicks, | * | |
| | * | |
| Debtors | * | |
| | * | |
| Robert Wayne Hicks Sr. and | * | Appeal from the United States |
| Janice Virginia Hicks, | * | Bankruptcy Court for the |
| | * | Eastern District of Missouri |
| Plaintiffs-Appellants | * | |
| | * | |
| v. | * | |
| | * | |
| Missouri Department of Revenue, | * | |
| Arizona Department of Revenue, and | * | |
| Internal Revenue Service, | * | |
| | * | |
| Defendants-Appellees | * | |

_____

Submitted: October 30, 2007
Filed: November 7, 2007

_____

KRESSEL, Chief Judge, FEDERMAN and VENTERS, Bankruptcy Judges

FEDERMAN, Bankruptcy Judge

Debtors Robert Wayne Hicks, Sr., and Janice Virginia Hicks appeal from the Judgment of the Bankruptcy Court[1] granting summary judgment in favor of each of the Defendants, the Missouri Department of Revenue, the Arizona Department of Revenue, and the Internal Revenue Service, and finding that each of the Defendants has claims against the Debtors for unpaid taxes, that any liens for such taxes are not affected by the Debtors' bankruptcy filing, and that the debts to each of the Defendants for the unpaid taxes are nondischargeable under 11 U.S.C. § 523(a)(1). For the reasons that follow, the Judgment is AFFIRMED.

FACTUAL BACKGROUND

The Debtors filed their Chapter 7 Petition on October 17, 2006. Their schedules listed debts owed to each of the Defendants. They admit that they have not paid any income taxes from 1983 through 2003, nor have they filed federal or state income tax returns, even though they earned income in those years. Accordingly, the IRS assessed taxes against them, without the benefit of returns, based on information it had about their income. The Debtors filed their bankruptcy case in an effort to stop the Defendants' efforts to collect the unpaid taxes.

The filing of the Petition automatically triggered an entry in the Court's docket in their case setting April 16, 2007 as the deadline for governmental agencies to file proofs of claim. The same date the Petition was filed, the Court issued an Order and Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Bankruptcy Notice") which established various dates and deadlines in the case. As relevant here, because it appeared from the Debtors' schedules that the case was a "no asset" Chapter 7 case, the Bankruptcy Notice directed creditors to not file proofs of

---

[1] The Honorable Barry. S. Schermer, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

claim unless they received a subsequent notice to do so. Because no subsequent notice was ever sent, there was never a deadline for filing proofs of claim.

After the Trustee in the case filed a Report of No Distribution advising the Court that the estate contained no assets for the benefit of creditors, on January 18, 2007, the Court issued the Debtors a discharge (as to dischargeable debts), entered its decree abandoning all property of the estate, and closed the case as a "no asset" case. On January 29, 2007, at the request of the Debtors, the Court reopened their case. A month later, the Debtors initiated an adversary proceeding against the Defendants, alleging that any claims that the Defendants had against them, including any tax liens, should be discharged. In essence, the Debtors argued that the Defendants' claims should be barred because the laws on which the Defendants base the Debtors' tax liability are invalid or inapplicable to them. Alternatively, even if the Debtors were liable for the taxes, the Defendants should be barred from asserting such claims because none of the Defendants filed proofs of claim in the case.[2] Thus, they assert, any such claims, if valid, were discharged in their bankruptcy case. The Bankruptcy Court granted summary judgment in each of the Defendants' favor, also declaring each of the debts to be nondischargeable under § 523(a)(1)(B).[3] The Debtors appeal.

STANDARD OF REVIEW

We review the bankruptcy court's grant of summary judgment *de novo*, applying the same standard used by the bankruptcy court and viewing the evidence

---

[2] In fact, the Arizona Department of Revenue did file a proof of claim on November 6, 2006.

[3] The Court issued Orders granting summary judgment in favor of the Missouri Department of Revenue, the Arizona Department of Revenue, and the Internal Revenue Service on April 23, May 30, and June 18, 2007, respectively, and entered Judgment in each of their favor on June 18, 2007.

3

in the light most favorable to the Debtors as the nonmoving party. Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[4]

> Upon a motion for summary judgment, the initial burden of proof is allocated to the movant in the form of demonstrating that there is an absence of evidence to support the nonmoving party's case. . . . Once met, the burden then shifts to the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.[5]

As discussed more fully below, there is no genuine dispute that the Debtors did not file federal or state income tax returns for the years 1983 through 2003. The Debtors also do not dispute that they had income for those years. Rather, the dispute here centers around whether they were required by law to file income tax returns and pay taxes on that income (*i.e.,* whether the tax laws and liens are valid), whether the Defendants were required to file proofs of claim, and whether the debts were nondischargeable under § 523(a)(1)(B) because the Debtors failed to file the returns. Because these are all legal issues, summary judgment was appropriate.

## DISCUSSION

The Debtors' adversary Complaint, along with the attachments and the other documents filed in the proceeding, allege many reasons why the Defendants' tax

---

[4] Fed. R. Civ. P. 56(c), made applicable in bankruptcy cases by Fed. R. Bankr. P. 7056; *Williams v. Marlar (In re Marlar)*, 252 B.R. 743, 750 (B.A.P. 8th Cir. 2000) (*citing Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997)).

[5] *Id.* (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986)) (additional citations and internal quotation marks omitted).

4

claims against them are invalid or should be discharged. We start with the question as to the validity of the tax claims and liens against the Debtors.

Because the Debtors did not file their own income tax returns, the IRS assessed the taxes for the years 1983 through 2003, based on its evidence of the Debtors' income from those years. The IRS possesses the authority to assess taxes,[6] and its assessment of a tax is presumed to be correct.[7] Further, as the IRS points out, federal tax liens are imposed upon "all property and rights to property, whether real or personal, belonging" to a person who fails to pay federal taxes, penalties, and interest once assessed pursuant to Internal Revenue Code § 6321.[8] In support of its claim, the IRS submitted an affidavit by its Revenue Officer, William H. Walton, along with the IRS' official transcripts detailing the Debtors' assessed tax liabilities for each of the missing years.

Similarly, the states of Missouri and Arizona possess the authority to assess taxes against their residents.[9] The MODOR and ADOR claims were based on Missouri and Arizona's estimation of the Debtors' state tax liability, grounded on the

---

[6] *United States. v. Fior D'Italia, Inc.*, 536 U.S. 238, 243, 122 S.Ct. 2117, 2122, 153 L.Ed.2d 280 (2002).

[7] *Long v. Comm'r of Internal Revenue*, 757 F.2d 957, 959 (8th Cir. 1985) ("in deficiency actions the Commissioner's determination is presumed correct, and the petitioner bears the burden to prove otherwise.") (citation omitted).

[8] *In re Nerland Oil, Inc.*, 303 F.3d 911, 916 (8th Cir. 2002) ("A federal tax lien attaches and becomes choate at assessment.").

[9] *See* Mo. Const. Art. X § 1 (permitting the general assembly to exercise the taxing power for state purposes), and § 4(d) (permitting a tax measured by income); Mo. Rev. Stat. § 143.011 (imposing a tax on the Missouri income of every resident), and § 143.121 (Missouri adjusted gross income is defined as the federal adjusted gross income subject to certain modifications); A.R.S. §§ 42-1001-1254 (Title 42 of the Arizona Revised Statutes, prescribing Arizona residents' obligations to file tax returns and pay taxes, and imposing criminal liability for the failure to file and pay taxes in accordance with the law).

IRS' assessments of liability, for the years that the Debtors lived in those states, respectively. The MODOR and ADOR each filed affidavits of their agents in support of each of their motions for summary judgment, in which the agents described how their taxes were assessed and that an Arizona tax lien was recorded against the Debtors.

The Debtors assert that they were not required to file any returns, or pay any tax on their income, because, *inter alia*, the Internal Revenue Code is invalid for a number of reasons and inapplicable to them because they are not officers or employees of the United States or residents of the District of Columbia, nor do they have a contract with the IRS, MODOR, or ADOR. They say that this case is a "massive fraud" and a conspiracy perpetrated upon them by the IRS. They also assert that no individual income tax exists in Missouri or Arizona. Further, any liens based on the invalid tax assessments are likewise invalid. In addition, they have repeatedly questioned the credentials and authority of the individual agents and attorneys who have made the tax assessments, recorded the liens, and pursued these claims in the Bankruptcy Court. In sum, the Debtors' arguments that they are not liable for any of the taxes are typical tax protestor arguments. The Eighth Circuit has expressly rejected such arguments, finding them to be "completely without merit [and] patently frivolous," and stating that they should "be rejected without expending any more of [the] Court's resources on their discussion."[10] As the Eighth Circuit did, we reject, without further discussion, the Debtors' numerous arguments concerning the validity of the tax laws.

Since the Defendants each filed affidavits establishing the Debtors' tax liabilities, which were not rebutted by the Debtors except by their tax protester

---

[10] *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992). *Accord United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (reinforcing its rejection of the "'shop worn' argument of the tax protester movement" . . . "without expending any more of this Court's resources on [its] discussion.").

arguments, the Bankruptcy Court did not err in concluding that the Defendants' claims are valid. In addition, the Bankruptcy Court did not err in concluding that any liens based on those taxes pass through the bankruptcy case unaffected.[11]

The Debtors next argue that, since the Defendants failed to file proofs of claim, any such claims are barred and, therefore, discharged. However, this was a "no asset" bankruptcy case, and Rule 2002(e) authorizes a court to notify creditors that no proof of claim need be filed in such a case. That rule provides:

> NOTICE OF NO DIVIDEND. In a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for the payment of a dividend, further notice will be given for the filing of claims.[12]

This is precisely what the Bankruptcy Notice did. "[T]he sole purpose of a proof of claim is to allow the creditor to assert a right to participation in the distribution of assets," and, as the Bankruptcy Court in this case found, requiring creditors to file proofs of claim in a no asset case would have been futile and a waste of resources.[13]

---

[11] *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992) ("liens pass through bankruptcy unaffected").

[12] Fed. R. Bankr. P. 2002(e).

[13] *In re Moyette*, 231 B.R. 494, 499 (E.D. N.Y. 1999) (holding that, in a no asset case, the right to file a proof of claim is "meaningless and worthless" because there simply are no assets to which to lay a claim) (*citing In re Mendiola*, 99 B.R. 864, 867 (Bankr. N.D. Ill. 1989)).

In addition, taxes for which the Debtors did not file tax returns are nondischargeable under § 523(a)(1)(B),[14] and the creditor need not file a proof of claim or object to the discharge for that to be so.[15]

Again, the Debtors admit that they had income from 1983 through 2003, and that they did not file state or federal income tax returns for those years. Further, the Defendants each produced evidence in support of their claims that the Debtors were liable for the payment of state and federal income taxes for those years. Accordingly, the Bankruptcy Court did not err in finding the debts were nondischargeable.

Finally, the Debtors assert they were prejudiced because they were not notified that creditors were being advised not to file claims and, therefore, they were prevented from presenting evidence that they owed nothing to the Defendants. However, the Debtors were served with a copy of the Bankruptcy Notice, which contained that information, by first class mail, at the address they provided on their schedules. Additionally, the Debtors did have the opportunity to challenge the tax debts in the adversary proceeding. Accordingly, we see no prejudice to the Debtors.

---

[14] Section 523(a)(1)(B)(i) provides that a discharge under § 727 does not discharge an individual debtor from any debt for a tax with respect to which a return, if required, was not filed. 11 U.S.C. § 523(a)(1)(B)(i).

[15] *In re Everly*, 346 B.R. 791, 795-96 (B.A.P. 8th Cir. 2006) (all of the exceptions to discharge in § 523(a), except for debts of a kind listed in § 523(a)(2), (4), or (6), are self-effectuating and no action is required before the discharge is entered); *In re Range*, 48 Fed. Appx. 103 at *6, n.2 (5th Cir. 2002) (holding that a tax liability excepted from discharge under § 523(a)(1)(C) is nondischargeable as a matter of law, and no additional action is required by the creditor). Although *In re Range* referred specifically to § 523(a)(1)(C), its discussion is equally applicable to § 523(a)(1)(B). *See also United States v. Ellsworth (In re Ellsworth)*, 158 B.R. 856, 858 (M.D. Fla. 1993) (holding that under § 523(a)(1), there is no automatic discharge of the debt upon failure of the creditor to file an adversary proceeding in the bankruptcy court; if a challenge is made to the nondischargeability of the tax liability, it must come from the debtor, since tax liabilities covered by § 523(a)(1) comprise a claim or debt of a kind which would not otherwise be discharged pursuant to § 523(c) in the event that the creditor failed to take timely action.).

For the reasons stated above, the Bankruptcy Court did not err in concluding that the Defendants' claims and liens for unpaid taxes are valid and nondischargeable under 11 U.S.C. § 523(a)(1)(B). The Judgment of the Bankruptcy Court is, therefore, AFFIRMED.

————————————————